**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Michael Berry
Tel: 215.988.9773
berrym@ballardspahr.com

June 24, 2025

*Via ECF*

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Atlas Data Privacy Corp. v. We Inform, LLC, et al.*, No. 25-1555 through 25-1578; 25-1580 through 25-1593; 25-1676; and 25-1677
        Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)

Dear Ms. Dodszuweit:

We write in response to the New Jersey Attorney General's letter filed on June 19, 2025.

*Kratovil v. City of New Brunswick*, 2025 WL 1689346 (N.J. June 17, 2025), does not control this appeal.  That decision – holding the government can prevent and punish the republication of lawfully obtained truthful information on a matter of public concern – is unprecedented.  This Court is not bound by that erroneous state court decision on a federal constitutional question.  In any event, *Kratovil* is readily distinguishable.

Unlike this facial challenge, *Kratovil* involved an "as-applied challenge" to specific facts involving a specific officer's demand to prevent a specific person from publishing his address.  *Id.* at *3-4.  Evaluating only the narrow challenge before it, the court applied the *Daily Mail* test.  Citing *Schrader v. District Attorney of York County*, 74 F.4th 120, 126 (3d Cir. 2023), the court acknowledged both that test and the strict scrutiny standard, explaining strict scrutiny governs if a "Law's restriction is content-based," but applying the *Daily Mail* test because Kratovil's "as-applied challenge [was] premised on th[at] standard."  *Kratovil*, 2025 WL 1689346 at *13 n.5.  *Kratovil* says nothing about the appropriate standard to apply in this facial challenge to Daniel's Law's content-based restrictions and instead suggests the Law must withstand strict scrutiny.

Patricia S. Dodszuweit
June 24, 2025
Page 2

      The as-applied nature of *Kratovil*'s analysis was central to its holding. For instance, the court considered only "whether Daniel's Law, as applied to Kratovil, is narrowly tailored." *Id.* at *15. It did not consider – among other things – the Law's:

- broad definition of "disclose";

- lack of any verification mechanism;

- unusual assignment provision; and

- absence of a scienter requirement.

Each of these presents significant First Amendment concerns. Together, they pose a "trap for the unwary." *Id.*

      *Kratovil* also did not consider more narrowly tailored state laws that serve safety interests, or examine why New Jersey alone adopted a uniquely broad and punitive regime. Nor did *Kratovil* consider the Law's carve-outs allowing government disclosures and public self-disclosures by covered persons, both of which implicate their safety.

      For these reasons, and others to be discussed at argument, *Kratovil* does not impact this appeal.

Respectfully submitted,

*On behalf of All Defendants-Appellants*

*/s/ Michael Berry*
Michael Berry
Marcel S. Pratt
Anna Kaul

*Attorneys for Defendants-Appellants*
*Thomson Reuters Enterprise Centre GmbH*
*and West Publishing Corporation (No. 25-1570)*

Word Count: 349

cc: All Counsel of Record (via ECF)