# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

**ATLAS DATA PRIVACY CORPORATION, et al.,**

**Plaintiffs,**

**v.**

**WE INFORM, LLC, et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-4037**

**Status Conference**

---

**ATLAS DATA PRIVACY CORPORATION, et al.,**

**Plaintiffs,**

**v.**

**INFOMATICS, LLC, et al.,**

**Defendants.**

**CIVIL ACTION NUMBER: 24-4041**

---

Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101
July 30, 2026
Commencing at 10:00 a.m.

**B E F O R E:** **THE HONORABLE HARVEY BARTLE, III, UNITED STATES DISTRICT JUDGE (EDPA)**

Megan McKay-Soule, Official Court Reporter
Megan_McKay-Soule@njd.uscourts.gov
(609) 815-2319

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

(Captions continued.)

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**THE PEOPLE SEARCHERS, LLC, et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-4045**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**DM GROUP, INC., et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-4075**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**DELUXE CORP., et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-4080**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**DELVEPOINT, LLC, et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-4096**

(Captions continued.)

ATLAS DATA PRIVACY CORPORATION, LLC, et al.

Plaintiffs,

v.

QUANTARIUM ALLIANCE, LLC, et al.,

Defendants.

CIVIL ACTION NUMBER: 24-4098

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al.

Plaintiffs,

v.

YARDI SYSTEMS, INC., et al.

Defendants.

CIVIL ACTION NUMBER: 24-4103

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al.

Plaintiffs,

v.

DIGITAL SAFETY PRODUCTS, LLC

Defendants.

CIVIL ACTION NUMBER: 24-4141

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al.

Plaintiffs,

v.

CIVIL DATA RESEARCH, LLC, et al.

Defendants.

CIVIL ACTION NUMBER: 24-4143

---

(Captions continued.)

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4160

Plaintiffs,

v.

SCALABLE COMMERCE, LLC, et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4174

Plaintiffs,

v.

LABELS & LISTS, INC., et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4176

Plaintiffs,

v.

INNOVIS DATA SOLUTIONS, INC., et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4178

Plaintiffs,

v.

ACCURATE APPEND, INC., et al.

Defendants.

(Captions continued.)

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4256

Plaintiffs,

v.

ZILLOW, INC., et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4261

v.

Plaintiffs,

EQUIMINE, INC., et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4269

Plaintiffs,

v.

THOMSON REUTERS CORP., et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. CIVIL ACTION NUMBER: 24-4292

Plaintiffs,

v.

MELISSA DATA CORP., et al.

Defendants.

---

(Captions continued.)

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-4324**

**Plaintiffs,**

**v.**

**RESTORATION OF AMERICA, et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-4345**

**Plaintiffs,**

**v.**

**i360, LLC, et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-4383**

**Plaintiffs,**

**v.**

**ACCUZIP, INC., et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-4385**

**Plaintiffs,**

**v.**

**SYNAPTIX TECHNOLOGY, LLC, et al.**

**Defendants.**

(Caption continued.)

ATLAS DATA PRIVACY CORPORATION, LLC, et al.
Plaintiffs,
v.
JOY ROCKWELL ENTERPRISES, INC., et al.
Defendants.

CIVIL ACTION NUMBER: 24-4389

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al.
Plaintiffs,
v.
E-MERGES.COM, INC.
Defendants.

CIVIL ACTION NUMBER: 24-4434

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al.
Plaintiffs,
v.
NUWBER, INC., et al.
Defendants.

CIVIL ACTION NUMBER: 24-4609

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al.
Plaintiffs,
v.
ROCKETREACH LLC, et al.
Defendants.

CIVIL ACTION NUMBER: 24-4664

(Captions continued.)

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**PROPERTYRADAR, INC., et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-5600**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**THE ALESCO GROUP, L.L.C., et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-5656**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**SEARCHBUG, INC., et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-5658**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.**

**Plaintiffs,**

**v.**

**AMERILIST, INC., et al.**

**Defendants.**

**CIVIL ACTION NUMBER: 24-5775**

(Captions continued.)

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-7324**

**Plaintiffs,**

**v.**

**US DATA CORP., et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-8075**

**Plaintiffs,**

**v.**

**SMARTY, LLC, et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-8451**

**Plaintiffs,**

**v.**

**COMPACT INFORMATION SYSTEMS, LLC, et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** **CIVIL ACTION NUMBER: 24-10600**

**Plaintiffs,**

**v.**

**DARKOWL, LLC, et al.**

**Defendants.**

---

(Captions continued.)

ATLAS DATA PRIVACY CORPORATION, LLC, et al. | CIVIL ACTION NUMBER: 24-11023

Plaintiffs,

v.

SPY DIALER, INC., et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. | CIVIL ACTION NUMBER: 25-1535

Plaintiffs,

v.

INNOVATIVE WEB SOLUTIONS, LLC, et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. | CIVIL ACTION NUMBER: 25-5989

Plaintiffs,

v.

PUBLICNSA, LLC, et al.

Defendants.

---

ATLAS DATA PRIVACY CORPORATION, LLC, et al. | CIVIL ACTION NUMBER: 25-6863

Plaintiffs,

v.

REDX LLC, et al.

Defendants.

---

(Captions continued.)

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** | **CIVIL ACTION NUMBER: 25-9224**

**Plaintiffs,**

**v.**

**FREEDOMSOFT303, LLC, et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** | **CIVIL ACTION NUMBER: 25-9963**

**Plaintiffs,**

**v.**

**STERLING DATA COMPANY, LLC, et al.**

**Defendants.**

---

**ATLAS DATA PRIVACY CORPORATION, LLC, et al.** | **CIVIL ACTION NUMBER: 25-12137**

**Plaintiffs,**

**v.**

**AGR MARKETING SOLUTIONS, LLC, et al**

**Defendants.**

---

**A P P E A R A N C E S:**

BOIES SCHILLER FLEXNER LLP
BY: ADAM R. SHAW, ESQUIRE
30 South Pearl Street
Albany, NY 12207
For the Plaintiffs

(Appearances continued.)

**A P P E A R A N C E S: (Continued)**

PEM LAW LLP
BY: RAJIV D. PARIKH, ESQUIRE
1 Boland Drive, Suite 101
West Orange, NJ 07052
For the Plaintiffs

TROUTMAN PEPPER HAMILTON SANDERS LLP
BY: ANGELO A. STIO, III, ESQUIRE
301 Carnegie Center, Suite 400
Princeton, NJ 08543
For the Defendants Innovis Data Solutions, DM Group, PropertyRadar, Deluxe Corp., RocketReach

SEYFARTH SHAW LLP
BY: ROBERT T. SYZBA, ESQUIRE
620 Eighth Avenue, 32nd Floor
New York, NY 10018
For the Defendants Infomatics, LLC, The People Searchers, LLC, We Inform, LLC, et al.

GORDON REES SCULLY MANSUKHANI
BY: REBECCA R. MCCUSKER, ESQUIRE
Three Logan Square, 1717 Arch Street
Suite 610
Philadelphia, PA 19103
For the Defendants Quantarium Alliance, Innovative Web Solutions, Nuwber

RKW, LLC
BY: H. MARK STICHEL, ESQUIRE
10075 Red Run Boulevard, Suite 401
Owings Mills, MD 21117
For the Defendant eMerges.com, Inc.

FBT GIBBONS, LLP
BY: JOSHUA ELIAS, ESQUIRE
One Gateway Center
Newark, NJ 07102
For the Defendant Equimine, Inc.

BALLARD SPAHR, LLP
BY: MARCEL PRATT, ESQUIRE
1735 Market Street, 51st Floor
Philadelphia, PA 19103
For the Defendants West Publishing, TREC

**A P P E A R A N C E S: (Continued)**

RIKER DANZIG, LLP
BY: OMAR MAROUF, ESQUIRE
One Speedwell Avenue
Morristown, NJ 07962
For the Defendant Melissa Data Corp.

LOMURRO LAW
BY: HANNAH SCIONTI, ESQUIRE
4 Paragon Way, Suite 100
Freehold, NJ 07728
For the Defendants Scalable Commerce, National Data Analytics, Digital Safety Products, Civil Data Research

WOOD, SMITH, HENNING & BERMAN
BY: JARED K. LEVY, ESQUIRE
5 Waller Avenue, Suite 200
White Plains, NY 10601
For the Defendants Compact Information Systems, Accudata, AlumniFinder, ASL Marketing, College Bound Selection Service, DeepSync Labs, HomeData, Student Research Group

MANATT, PHELPS & PHILLIPS, LLP
BY: EMILY WHITELY, ESQUIRE
7 Times Square
New York, NY 10036
For the Defendant Smarty, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
BY: BRIAN DEENEY, ESQUIRE
One Riverfront Plaza, Suite 800
Newark, NJ 07102
For the Defendant Synaptix

STINSON LLP
BY: RICHARD J.L. LOMUSCIO, ESQUIRE
100 Wall Street, Suite 201
New York, NY 10005
For the Defendant i360

WADE CLARK MULCAHY LLP
BY: CAROLINE NELSON, ESQUIRE
1515 Market Street, Suite 2050
Philadelphia, PA 19102
For the Defendant Delvepoint

**A P P E A R A N C E S: (Continued)**

COOPER, LLC
BY: RYAN J. COOPER, ESQUIRE
108 N. Union Avenue, Suite 4
Cranford, NJ 07016
For the Defendant Labels & Lists, Inc.

KAUFMAN DOLOWICH LLP
BY: TIMOTHY M. ORTOLANI, ESQUIRE
Court Plaza North
25 Main Street
Hackensack, NJ 07601
For the Defendant Spy Dialer

GREENSPOON MARDER, LLP
BY: KELLY MAGNUS PURCARO
One Gateway Center
Suite 2600
Newark, NJ 07102
For the Defendants Amerilist, AGR Marketing, U.S. Data Corp., REDX, LLC, Searchbug, Darkowl, Joy Rockwell Enterprises, Inc., Accuzip, Inc., The Alesco Group, L.L.C.

REED SMITH LLP
BY: LOUIS A. BAYLES, ESQUIRE
506 Carnegie Center
Suite 300
Princeton, NJ 08540
For the Defendant Sterling Data Company, LLC

MULLEN COUGHLIN LLC
BY: MICHAEL JERVIS, ESQUIRE
426 W. Lancaster Avenue
Suite 200
Devon, PA 19333
Counsel for Defendant PublicNSA, LLC

BUCHANAN INGERSOLL & ROONEY
BY: SAMANTHA L. SOUTHALL, ESQUIRE
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102
Counsel for Defendant Zillow, Inc.

(PROCEEDINGS held in open court before The Honorable Harvey Bartle, III, United States District Judge, on July 30, 2026, at 10:00 a.m.)

THE DEPUTY COURT CLERK: All rise. The Honorable Harvey Bartle.

THE COURT: Good morning.

MS. ROMANO: Good morning, Your Honor.

THE COURT: First, is there anything anyone wishes to say with respect to the Motion for Reconsideration? I've read the briefs.

Mr. Stio, do you wish to say anything further about that, or anyone else from the defense side?

MR. STIO: Yes, Your Honor.

THE COURT: You may.

MR. STIO: Your Honor, I appreciate the Court reading the briefs and considering this application.

You know, the issue, Your Honor, that, you know, we have a group of defendants that are being sued for $19,000,000 each, and the Court's order, we believe, deprives the defendants of notice and the opportunity to be heard on important issues if four go forward and 39 or 38, whatever the number is, are stayed.

THE COURT: I think it's 41, but I may be wrong.

MR. STIO: Okay.

We believe that efficiencies can be achieved through

sequencing. And, you know, even if that sequencing occurs as part of the bellwether's and the Court was at least contemplating discovery for all defendants. But, you know, there's issues and initial steps that can be addressed that would apply to all the cases that I think will allow the cases to proceed more quickly, may result in settlement or resolution, and could result in all the issues going away. You know -- and the issues relate in our brief to Atlas's burden to prove and what is going to be the scope of discovery.

Now, Atlas says they're insignificant, but they're not. And they also allow the defendants to be heard. And I think that the issues could be done with a joint submission. I think they would -- could involve limited discovery. But, you know, some of the issues that -- at the initial stages, we believe, should be resolved, and there could be others. And Atlas may have global issues, you know, whether an authorized person sent the nondisclosure requests as required by Daniel's Law. It's a requirement of the elements of a claim. It's one of Atlas's burdens of proof. We think that if the defendants would brief that, the Court can decide that. That would help, I think, with discovery issues. It may dispose of the cases altogether. But that's one issue.

The other is -- this is more of a legal issue -- what is a disclosure or redisclosure on the internet or otherwise

making available? That issue is an essential element of claim. It can -- the resolution of that could apply to all the cases, and it would streamline, at a minimum, discovery.

And then what constitutes an unpublished telephone number? Again, another preliminary issue that consolidated briefing can achieve and a resolution would, again, streamline discovery.

The other benefit of that, with the sequencing issues, is you could have some res judicata effect because we're actually getting notice and the opportunity to be heard on these issues.

If this all occurs at the outset, I do believe that discovery could be streamlined and proceed more efficiently. But if the defendants are denied that opportunity, we think that there are due process concerns.

The other issue with the Court's ruling that we are concerned about is the ability to depose the plaintiffs and assignors. I think that after the first cases are going to be decided, Atlas and plaintiffs will take the position -- will know we're not going to produce the same person again. Forty-one defendants should not be forced to read the transcript and not be able to ask questions that they want an answer to.

If they are sequenced, if they're sequencing of discovery, that can be addressed without having to produce

people 41 times.

And finally, one of the issues that, you know, the bellwether model is the concept of an MDL. A bellwether works when there's common issues of causation, common issues of liability. It just doesn't exist here. Whether a defendant is liable, whether they're culpable is going to be on their own conduct and how they acted in response to the nondisclosure requests.

Four trials is not going to give any guidance on those issues for each defendant because those are fact-specific, and the Supreme Court in New Jersey already rejected the concept of consolidation. I know you're not bound by them, but I do just mention that.

And then finally, you know, even if this occurs, there are going to be defendants, assuming there's no resolutions, that aren't going to go to trial for ten years. I know the Court disagrees and I know Atlas disagrees, but even under Atlas's proposal that we can do this in a year, there's 45 cases. If you do it in a year, it's going to take, each case, 11 years. And defendants should not have to be waiting around, preserving evidence, not being able to make business decisions if they want to sell, if they want to retire.

We just think that it's unfair, it violates due process, and we would ask the Court to reconsider and either have issue sequencing or have a hybrid approach that allows

issue sequencing within any of these initial cases that are selected.

Thank you for your time.

THE COURT: Thank you.

Mr. Parikh.

MR. PARIKH: Thank you, Your Honor. Raj Parikh for the plaintiffs.

And I understand Your Honor has read the papers, so I won't belabor, kind of, the legal arguments about the standards for reconsideration.

But as Your Honor knows, this is -- the defendants have for 31 months now sought stay, after stay, after stay, after stay. This motion is just another attempt at doing so.

The idea of issue sequencing as an alternative isn't really viable. They have articulated issues at the same time saying that these are common issues, but on the other hand, also in the same sentence is saying, but all these cases are different and all these defendants are different.

They have made that representation that these cases are unique, that the defendants have different products, that the defendants have different systems. Time and time again, both in state court and here in front of Your Honor, it's the very reason that we have separate protective orders in every single case and restrictions on defendants' information being shared from one side to the other because the cases are, to some

extent, unique.

We -- as we said, when we were last time before Your Honor, we don't view these cases as being overly complicated cases. We've proposed a discovery schedule to the defendants for this -- for the first set of cases to -- for discovery to be done by February or March of 2027 with a trial happening about a year from now. They haven't agreed to that. They haven't been able to produce cases. Ultimately, if there are defendants that are eager to have their day in Court, then they should raise their hands and be the ones to come up here and we can move those cases forward.

The sequencing really is one-sided discovery. They want more discovery from Atlas without having to produce discovery from the defendants. We have suggested that -- to the extent that a party feels as though it needs to weigh in on a legal issue on one of the cases that are moving forward and a defendant in a case that's stayed, they can seek to intervene. If they are related. If they, for example, provide data to that defendant, or they can seek to submit an amicus brief and participate in whatever legal issues they believe are appropriate before the Court.

So for the reasons we talked about when we were here last time, what's in our papers, there are real -- no real due process concerns here. We understood when Your Honor said, you know, bellwether model, not to say that these are actual

bellwether cases, but that this -- the model being used here is a model of efficiency to allow some cases to move forward quickly so that we're not here ten years from now working on the first trial and that we can have a trial within a year or two.

With respect to this idea that it will be ten years before defendants have their day in Court, I don't think that's realistic. I do agree -- disagree with Mr. Stio. I think that once the first set of cases are done, you know, there are already cases that have been settled that were before this Court. There are additional cases where the parties are in settlement discussions. That process will continue as it would in any litigation.

And, you know, there may be some cases that are tried two or three years from now, but we do think that all of the cases here can be disposed of in relatively short order by allowing the Court to use its discretion to control its docket, to control discovery, and to move things forward, likely.

THE COURT: Thank you.

MR. PARIKH: Thanks, Judge.

THE COURT: Any other defendant wish to be heard on this particular motion?

(No response.)

All right.

I'm going to grant the reconsideration. I think that we -- it's not the best approach to pick two or three cases and move forward and stay all the other cases.

The reason I say that -- one of the reasons -- is that those two or three cases might settle, and then we're behind the eight-ball.

The better approach, in my view, is we proceed with written discovery with respect to all cases; that the depositions will be stayed until further order of court. And I want to move rather promptly so we're not here ten years from now. I think we can all agree that that's an unrealistic timetable and no one would want to follow that.

Now, let's start with the defendants. There are a lot of cases proceeding in the state court. Do defendants have a standard set of interrogatories that they are using in these cases, Mr. Stio? You have some state court cases, I believe.

MR. STIO: Yes.

Your Honor, there have been standard interrogatories and standard document requests with the ability for individual defendants to supplement it. And I don't know exactly how many supplemental interrogatories they can serve. I think five or ten. I have to look. But it's in Morris County, I think we did that, and I know we did it in Bergen County.

THE COURT: I know under the Federal Rules we're talking about 25 interrogatories. How many standard

interrogatories have there been? I don't know whether the state courts in New Jersey have any limit or not.

MR. STIO: State courts in New Jersey don't have a limit.

I don't recall. I seem to believe that it's more than 25, but I could be wrong.

Raj, do you know the answer?

MR. PARIKH: I'm sorry. I missed your question.

MR. STIO: About the number of interrogatories that we used in Bergen County.

THE COURT: In other words, I'm asking about if we permit written discovery to go forward, which I think is the route we should take, the optimal approach would be at least to have defendants use a set of standard interrogatories and request for production.

Now, I understand there may be some individualized interrogatories and requests. And I was asking Mr. Stio, in the state court, have the defendants agreed to a standard set of interrogatories?

MR. PARIKH: Yeah. The state court cases are on different tracks, Your Honor, but in a couple of different groupings of cases there were standard interrogatories that were sent. I don't remember the exact number, but I have to say it's probably around two or three dozen.

THE COURT: Two or three dozen.

MR. PARIKH: The interrogatories, you know, I mean, if we include subparts and everything else, they've sent -- some of the defendants in state court have sent thousands of interrogatories.

THE COURT: Well, of course, we're limited in the federal court --

MR. PARIKH: We are.

THE COURT: -- to 25.

MR. PARIKH: And I think what would make sense here, Judge, since they've said that all of these issues are common and they wanted sequencing, that, you know, it could be 20 standard interrogatories with five, you know, individualized interrogatories to the extent any defendant needs those. We would propose that that might make sense. I'm not sure what Mr. Stio thinks about that.

THE COURT: Well, it seems to me that's the proper approach. The defendants ought to be given some time, not a great deal of time, to come up with a standard set of interrogatories.

And maybe, Mr. Stio, you could take the lead and maybe send around a draft set of standard interrogatories. And obviously there will be some defendants who have particular questions they want to use.

So we can say maybe come up with 15 standard interrogatories, just to pick a number, but the total number

of interrogatories will be 25. So to the extent the parties can come up with standard interrogatories. And it seems to me that since you've done this in the state court cases it shouldn't take too long. So what we will do is say within -- I'll give you 35 days, right after Labor Day, that the defendants will serve all interrogatories and requests for production of documents. And, of course, that will not -- under New Jersey local rules, no contention interrogatories.

So I'll pick a date right after Labor Day, and during the interim the defendants will work to agree on a standard set of interrogatories. It will be limited to 25 interrogatories, total, each defendant.

And then -- any defendant have any objection to that?

MR. SZYBA: Your Honor just mentioned no contention interrogatories. That's not part of the local rules of New Jersey.

THE COURT: Well, I was looking at -- you're not supposed to file contention interrogatories at this time.

MR. SZYBA: Okay.

THE COURT: All right.

I have the local rules here somewhere.

THE COURT REPORTER: Sir, can I please have your name?

MR. SZYBA: I'm sorry?

THE COURT REPORTER: Your name, please.

MR. SZYBA: Rob Szyba, S-Z-Y-B-A.

THE COURT REPORTER: Thank you.

THE COURT: I think it's -- at any rate, I thought that you're not supposed to serve contention interrogatories. Yes, last 60 days. Somewhere.

In any event, we won't permit contention interrogatories at this point, regardless. We'll just do it without contention interrogatories.

MR. STIO: Your Honor, it would be 15 global, and then to the extent individual defendants --

THE COURT: Well, whatever you can agree to. It seems to me there are going to be 25 interrogatories, and I think the parties ought to be able to agree to a certain number leaving a few for --

MR. STIO: Individual issues by individual defendants.

THE COURT: Yes.

MR. STIO: Okay.

THE COURT: So unless everybody agrees that all we need is standard interrogatories, I suspect that won't be agreeable.

MR. STIO: Understood.

THE COURT: But have a number. I would try to -- as many as possible, and I'll leave it up to the defendants to try to work that out. But the goal is to have most of the

interrogatories standard interrogatories.

MR. STIO: Understood.

THE COURT: With the right to have supplemental, but with a total of 25 interrogatories, including subparts, as set forth in the federal rules.

MR. STIO: Understood.

THE COURT: And I'll give you -- I'll set a deadline for serving interrogatories which will be, we can say, since this is July 30th, we'll give you -- it's summertime. We'll set a date in early September for the service of interrogatories and requests for production of documents.

Let's talk about in terms of the responses. So I want this to move along so I'm going to set deadlines. Even though the rules talk about 30 days, it does permit the parties to stipulate to additional time, and I'm going to restrict that at this point. I'm going to set a deadline and with no further extensions except by order of Court. So if you need more time, you're going to have to have compelling reasons.

Now, if we said 40 days for the defendants to answer, that's ten days longer than the 30 days provided in the rules. It seems to me that should be enough time for everybody to file their answers or objections.

Is anybody unable to comply with that sitting in the room here today?

(No response.)

All right. Then we'll set that.

MR. STIO: So just a point of clarification --

THE COURT: Yes.

MR. STIO: -- if I may.

Each side, plaintiffs and defendants --

THE COURT: No. We're talking about defendants for the moment.

MR. STIO: Okay.

THE COURT: Because it's a little different. You have to work out standard interrogatories.

MR. STIO: Right.

THE COURT: That's not -- and you've got to have 40 people to agree on it.

MR. STIO: You said defendants have 40 days to answer.

THE COURT: Yes.

MR. STIO: Plaintiffs.

THE COURT: Oh, plaintiffs. You're absolutely right. The plaintiffs. Is that going to be a problem?

MR. PARIKH: For the defendants to answer within 40 days?

THE COURT: No; for you to answer their interrogatories.

MR. PARIKH: I don't think that's going to be a problem, Your Honor.

THE COURT: All right.

So we'll say after 40 days after service you'll answer the interrogatories and produce your documents.

All right. Now, let's turn to the plaintiffs. We'll deal with objections and so forth in a minute, but let's -- now, I assume you have a pretty standard set of interrogatories that you serve on the defendants. They may vary depending on the defendant.

MR. PARIKH: Yes, Your Honor, except I think there's one kind of nuance issue here. We haven't had 26(f) discussions with each of the defendants. And their computer systems and what is in their computer systems are critical evidence in each of these cases. This is why we thought that the approach of having a couple of cases move forward made sense, which I understand Your Honor's ruling on that.

But we would potentially want to take an early deposition of someone after a 26(f) conference to understand the contours of those computer systems to better tailor written discovery requests to attack the information needed. And so --

THE COURT: Have you done that in all the state court cases?

MR. PARIKH: In state court, because interrogatories and document demands can be done without question, there have been some inspections of database systems that have been done

and you -- we've then sent out supplemental interrogatories. So, no, there was not a deposition first amended interrogatories, but as a result of inspections that we've done with expert witnesses from both sides and to database systems, e-mail systems, et cetera, there have been supplemental interrogatories that have been sent.

So to the extent the plaintiffs here, you know, are going to be limited to 25 under the rules, we would think that the parties having a 26(f) conference, meaning plaintiffs with each defendant, and then potentially having to take a deposition of an IT person, or getting some documents with respect to that, would lead to more targeted discovery on the computer systems or interrogatories, which would ultimately make the cases move quicker.

THE COURT: Yes.

MR. SZYBA: Your Honor, if I may.

THE COURT: Come to the podium, please.

MR. SZYBA: Conceptually I don't disagree with what Mr. Parikh said. I just want to point out for the Court that local Rule 26.1(d) already addresses this by having a ESI conference process that the parties can follow. So there's no need for IT people depositions because there are specific things the parties are supposed to meet and confer about with each other, with their own clients, et cetera. That process is already laid out in the federal rules. Just for the

Court's consideration.

THE COURT: All right.

Mr. Shaw.

MR. SHAW: Good morning, Your Honor.

THE COURT: Good morning.

MR. SHAW: Adam Shaw for plaintiffs.

That's fine in concept, but it hasn't worked out so far. That's our problem. We saw the 26(a)(1)'s, which also have some of those same exact questions in them where they say, "please explain your systems," and we get lawyer answers. That's our concern here with some of this either interrogatories or even potentially the ESI conferences. You can't get back objections with lawyer answers. It's not -- it's not good information.

So if there's a mechanism for getting answers for their systems, which, in fact, in one of the state courts and in a lot of federal cases that I work on you have even informal conferences where you get our expert and their expert and you have a conference about that. If that can be ordered and people can give real information about it, that would be helpful.

As Your Honor knows, these cases are about the disclosures of information in their systems. So their systems are really critical to the Court and to the proof in the case.

So if there is a mechanism for us to get that

information, it would be helpful, and that's what my colleague was referring to.

THE COURT: What do you suggest?

MR. SZYBA: Again, I don't disagree conceptually. I'm just pointing out that there is that process. That process has not been utilized. No one has contacted me about an ESI specifically. There were some questions during the initial disclosures, responded to them. We gave the answers that were. That meet and confer process is specifically designed to create an efficient way of addressing those. If there's an issue then -- as there would be an issue at a deposition, we would bring it to the Court.

Having litigated many, many cases in this district utilizing that process, I've yet to be before a Court, with a judge, explaining why we were deficient in that ESI conference. So I have a relatively high degree of confidence in that process.

THE COURT: Mr. Stio.

MR. STIO: Your Honor, A. It has to be both ways, because they have a system that they haven't presented information on.

But, B. What they can't do is go on a fishing expedition.

So we did have a meet and confer with them and they said just give us a list of all your systems, a data map, and

we'll tell you which ones we want to see. That has the burden of proof backwards. There has to be a disclosure. They filed a complaint. I would assume as to each defendant they saw a disclosure. They should have seen 19,000, because that's how many claims they have. But at least as to each defendant, they can tailor their interrogatories to the systems where they've seen a disclosure.

And one of the things here is we make it publicly available on the internet. It's in the statute. Okay. We can have a discussion about what is publicly available on the internet. Just go in all of our systems, even if -- I'll give you an example. Innovis, it's a credit reporting agency. We have an internal database that we use for matching only. The Court already ruled that said, no. That's not within the scope of Daniel's Law if there's no disclosure outside of the organization.

So, look, I think that if they've seen disclosures, tell us what system, tell us where you have it, and they could tailor the requests to what they have seen when they filed the complaint. What they can't do is go on a fishing expedition.

I do agree with Rob. We could have this discovery conference. We can have parties from both sides that -- technical parties appear, but I am concerned about a fishing expedition.

MR. SHAW: Your Honor, as I said, this case is about

their disclosures of their systems. The other counsel is talking about a whole bunch of cases where people have ESI disclosures and never go to court. That's fine. In a typical case you say, Where is your e-mail? They tell you and it's not a big deal, but in this case it's critically important. And you're starting to hear some of the obfuscation that we are faced with, which is we have to identify in their behind-the-wall systems which places we're specifically looking at. That's not the way it works. They're supposed to give us a map. They're supposed to give us a general understanding of what it is. And if there's parts that they say, here's a part behind the mote in the castle that doesn't deal with you, then you say, okay, fine. We're not going to go there. But you have to see the map and you have to see the understanding of it.

And, importantly, don't forget, my client sat for eight hours for all of them to ask questions about their system already as part of the remand and jurisdictional thing. So the idea that somebody has to sit -- that they have to sit down and explain a little about systems, either through informal means, which would be great if the Court ordered, you know, our consulting experts to sit with their consulting experts to understand this stuff. That's fine. Or some more formal method. But what we can't get is lawyers answers saying, You have the burden of proof on disclosure. You

figure it out with a scalpel before we even know anything about it. That's not the way it's supposed to work.

THE COURT: Mr. Stio, I think your clients -- the defendants are the ones that have the information. The plaintiff said there's been disclosure and they want to understand your system. And only you understand that. So it seems to me you have an obligation to produce that information to the plaintiffs.

MR. STIO: Every system, regardless of what --

THE COURT: The system that involved the disclosures.

MR. STIO: All right.

THE COURT: Right. That's what we're talking about.

MR. STIO: Are they going to give us the platform, information about the platform? It has to be a two-way street, Your Honor.

THE COURT: We're talking about what you have to produce.

MR. PARIKH: Your Honor, we have already produced to each of these defendants hundreds of thousands of pages of documents, depositions, et cetera. But --

THE COURT: I'm not going to be happy if games are going to be played about this, Mr. Stio.

MR. PARIKH: Your Honor, that's honestly what we faced in the state court is that there has been, you know, there has been constant battles about things. There are some

defendants here in federal court, Judge, who claimed that they never received the emails from covered persons. Right? And so their email system may be part of discovery for those particular defendants.

THE COURT: Right.

MR. PARIKH: You know, what we're talking about now is literally 40 separate ESI conferences, you know, perhaps depositions in some of those --

THE COURT: We're going to start with -- I think the conferences make a lot of sense. And I expect everybody to act in good faith, because I'm really -- if I think games are being played, gentlemen and ladies, I'm going to come down harder on you. Really. We're not going to delay this.

MR. STIO: Your Honor, I just want to respond. The defendants -- I have not played games, and --

THE COURT: I'm not saying you are. I'm just saying -- I'm putting a warning out there.

MR. STIO: -- say that they produced a witness that discussed their system. I will give you --

THE COURT: I'm not talking -- Mr. Stio, I'm not talking about their system. I'm talking about the defendant's systems at this point. You can't come up with an argument because they're bad boys we can be bad boys.

MR. STIO: No. I'm just asking for equity. If we're going to have the e-discovery conference, it should be both

parties' systems.

MR. PARIKH: That's what happens in an ESI conference, Your Honor; it's to discuss those things. We've never --

MR. STIO: Yeah. As long as you're okay with that.

MR. PARIKH: This -- we -- discovery should be two ways. We're not afraid of anything here. Right? It's the defendants overall that have tried to do this.

I don't want to beat a dead horse, Your Honor, but I would like to make an alternative suggestion.

THE COURT: Go ahead.

MR. PARIKH: You know, going back to a hybrid approach between what Your Honor decided a month ago in terms of four cases and what we're talking about now, which is 41 cases. Why don't we have the parties identify four cases each and have the ESI conference on those and start --

THE COURT: No. We're not going to do that. We're going to go forward. We just have to move forward, and if it turns out games are being played, then we'll have another conference and we're going to -- I'm going to make some decisions. I'd rather have you do it. And I'm serious. Defendants have got to disclose their systems and not say that the plaintiff has to figure it out before you disclose it. It doesn't make any sense to me.

It's going to happen sooner or later, and let's make it

sooner. Let's do it the easy way rather than have the Court order it. Defendants seem to want to move forward so the thing doesn't last ten years, this matter. Well, let's move forward. Either you do or you don't.

Early on in this case you wanted me to stay everything, and now you want to move forward. Well, I'm going to give you an opportunity to move forward.

So you can serve your interrogatories, and I'll give you the same date as I do the defendants. And in that time, if you want to confer, I hope the parties will confer, and let's get it done.

Now, the defendants ought to be able to answer the interrogatories within 40 days also. The plaintiffs are going to answer 40 sets. Each defendant can certainly answer their interrogatories and produce their documents in 40 days, and there will be no extensions without approval of the Court.

Now, if there are -- inevitably there will be objections. One side won't be satisfied with the answers of the other side. Then we'll say 20 days after the answers or objections are filed. Then the parties can file motions. In that 20 days you can confer and see if you can't work out the problem. And then any response or brief will be ten days thereafter. I'll put this all on an order. And I'm going to handle all discovery matters. I know the custom in New Jersey is for the magistrate judge to do it. I'm going to deal with

it. And we'll see where we are.

So I'm going to have the answers and objections in 40 days after the service, 20 days to confer. If that doesn't resolve some of the issues, motion to compel, response in ten days. And then we'll deal with the -- we'll see where we go from there. At least that aught to get the ball rolling here.

MR. STIO: Your Honor?

THE COURT: Yes.

MR. STIO: Another question.

We have the limited 25 interrogatories.

THE COURT: Right.

MR. STIO: Is there any limit on the request for production?

THE COURT: I don't have Rule 34 before me. Does that have a limit also? I just don't recall.

MR. STIO: It does not.

MR. PARIKH: It does not, Judge.

MR. STIO: I understand the 40 days, but if we get a hundred requests for production --

THE COURT: We shouldn't have a hundred -- what do you recommend?

MR. STIO: Maybe 40 requests for production, 35.

THE COURT: Well, why don't we say 30 requests for production. What in the world --

MR. PARIKH: As long as they're not playing games on

electronic discovery, that's fine with us, Judge.

THE COURT: We'll say 30. And again, as I mentioned previously, there is a provision in Rule 26 about proportionality. I mean, let's try to be reasonable here now. Let's keep our eye on the ball.

MR. PARIKH: Judge, I also want to clarify that you're requiring each of the defendants to have an ESI conference, you know, the 26(f) meet and confer and ESI conference before -- -

THE COURT: Yes. I think it can be done.

MR. PARIKH: Yeah.

THE COURT: I don't know whether it can be -- I hope it can be done during the next -- a little over a month, and we'll see what happens.

I really expect this to move quickly. For the music lovers, we're not going to have the adagio mode. We're going to be allegretto, or we're going to be in third gear, not first gear. That's another way of looking at it.

So let's get this moving. This case has been around over two years. Nobody's fault. There have been a lot of important motions filed, and they take time. Now it's time to move forward here.

MR. PARIKH: With respect to the motion to compel, Your Honor, is it that the defendants are going to file kind of one joint brief on their coordinated requests and then

supplemental briefs, or --

THE COURT: The motions to compel?

MR. PARIKH: Yes. So what I'm concerned about, Your Honor, is that -- that 20 days after we get, you know, interrogatory -- you know, 41 sets of interrogatory and document and demand responses, we have to meet and confer in that 20 days, come up with issues, and also file motions.

THE COURT: We'll make it 30 days. I think that's more reasonable. After the answers, 30 days. No later than 30 days motions to compel. And I think that's more reasonable. Let's try to -- and also, I would urge the parties, no boilerplate objections. The idea that you have -- you have three pages of objections to an interrogatory, and then without waiving the objections, here's the answer. Let's target the objections. If they're legitimate objections, make them. Let's not have every objection that's known to man included. It's ridiculous. It just wastes everybody's time and effort when I read objections to interrogatories, two pages of them.

MR. PARIKH: Understood.

With respect to the motion to compel, what I was asking, Your Honor, is that because the defendants are sending coordinated requests to the plaintiffs, I don't want to be in the position where we've got 41 motions to compel from each defendant.

THE COURT: Well, I would hope not. I would hope it would be consolidated. In other words, if there's a standard interrogatory that's served on the plaintiffs and there's one answer that applies to all 41 cases and the defendants are dissatisfied with that, or object to it, I don't expect 41 briefs. I mean, I think the defendants have been very good about filing consolidated briefs to help expedite things, and I applaud that. So I would hope that would be the case. Although I can't order it because I just don't know what the issue is going to be.

MR. PARIKH: Understood.

THE COURT: Let's try to remember Rule 1.

MR. PARIKH: Understood.

THE COURT: We go forward here.

MR. PARIKH: Thank you.

THE COURT: And then I think we'll just have to see where we go from here.

In the meantime, all depositions will be stayed and we'll get the interrogatory answers and requests for production of documents. And if anybody wants to file, you know, a request for admissions, so we'll be limiting to -- discovery will be limited to Rule 33, 34, and 36 at this point.

Anything else we need to -- I think this way we'll move the cases forward and once we get the paper discovery -- I'll

call it the paper discovery, written discovery completed, and if there are problems, then we'll deal with them. We'll have another conference if there's issues about the motions to compel. Maybe I can decide those on the papers, maybe I can't. Maybe I'll need to have a hearing to deal with some of these issues. I know that there's some complications here. It's not the run-of-the-mill case.

But I do expect the parties to work in good faith in terms of the form of the interrogatories and requests and also in the responses and not a lot of boilerplate objections just for the purposes of delay.

MR. STIO: Understood, Your Honor.

THE COURT: All right.

MR. STIO: Can I ask two qualifications?

THE COURT: Sure.

MR. STIO: On the RFPs, is it -- for the plaintiffs, is it the same? Come to maybe 25, and then five individual ones if we needed it?

THE COURT: Well --

MR. PARIKH: That's what's worked in some of the other state court cases, Judge.

MR. STIO: Yes.

THE COURT: So you want to say the plaintiffs would have five -- 25 standard and five individual? Is that what you want?

MR. PARIKH: No, no. I think they're saying the defendants would have 25 standard document requests.

THE COURT: Oh, fine. That makes sense.

MR. STIO: And five individual.

MR. PARIKH: Five individualized document requests.

THE COURT: In terms of interrogatories, what do you propose, Mr. Stio, in terms of standard?

MR. STIO: I have to confer. It's not going to be more than 25, but I'm thinking 15 and 10, or 20 and 5.

THE COURT: Well, I'm going to leave it up to you. We don't need to decide that today, but the total will be 25, and I'll put that in the order. And I will say my hope is that as many standard interrogatories is possible.

MR. STIO: Understood.

MR. PARIKH: Judge, on the request for production of documents, I think they should all be standard, frankly, from the defendants, because what specialized information could they be seeking from us, right? The only -- the list of assignors that's different for every single case has already been produced in multiple fashions. The documents related to those assignors, you know, have already been produced to the defendants. And by having a, you know, 20 plus five, the defendants essentially are going to then have, you know, 200 extra requests for production of documents because they all have a joint defense agreement and they share it.

THE COURT: Well, a lot of information, you say, has been produced as part of the initial disclosures, correct?

MR. PARIKH: That's correct.

THE COURT: Do you agree with that, Mr. Stio? I mean, you do have -- you don't?

MR. STIO: No. I don't believe a lot of the information has been produced. I believe that they gave us a document dump of a lot of pages, but it was not -- it wasn't close to what we needed.

Your Honor, I can tell you this.

THE COURT: Go ahead.

MR. STIO: In state court, when we did this, not every defendant served supplements on interrogatories. Not everyone served additional RFPs, but there are specific issues as to specific defendants that they need to ask, and what I would ask the Court is there's 25 interrogatories, 20 global, 5 individual, to the extent it's individualized --

THE COURT: Well, I think it would be better for me not to be arbitrary about the number of standard interrogatories or requests for production. You understand the thrust of my position.

MR. STIO: We won't take advantage.

THE COURT: Let's have as many standard interrogatories and requests for production as possible. It's just going to help expedite the case. It seems to me that

many of the issues are the same for all defendants, the critical issues. There may be some particularized need for information.

So I'll let you and other defense counsel work it out. I will just say in the order that it is my hope and desire that you have as many -- in order to expedite things, have as many standard interrogatories and requests for production as possible. And I have good -- you're all officers of the court. I assume you're going to act in good faith, unless I have reason to doubt it. I think we'll just have to leave it at that, Mr. Parikh.

MR. PARIKH: That's fine, Your Honor.

THE COURT: It's going to be obvious in the next few months whether games are being played or whether they aren't being played.

MR. PARIKH: Uh-huh.

THE COURT: So I may not know now, but I will know in a few months. So I just hope the lawyers will move to expedite this thing. Defendants want to move forward. Well, let's move forward.

MR. PARIKH: That makes sense, Judge.

THE COURT: I assume the plaintiffs do, too. You're the ones who are seeking relief. I'd like it to move forward also.

So it seems to me that's where we ought to stand at

this point, and we'll see what happens. We'll enter a scheduling order, vacate the old one. And then once we complete this phase, then we'll have to decide where we go next in terms of depositions, what depositions we need to take, how we work out depositions of the plaintiffs' witnesses so we don't have 40 separate depositions. We work out some procedure for one deposition and the opportunity for maybe all counsel to participate or have representative counsel participate. But that we don't need to decide today.

I think if we do that, then we'll be -- then at some point, obviously, I can only try one case at a time. I can't try 40 at a time. So at some point down the road we're going to have to pick and choose. I think it's a bit premature to be doing it now. And of course in the meantime there may be settlements of cases and that sort of thing, which will reduce the number of cases for which we have to deal.

MR. STIO: Thank you, Your Honor.

THE COURT: Anybody else have -- any defense counsel in the room have any thoughts about this schedule now? Speak now or forever hold your peace.

(No response.)

MR. PARIKH: Judge, we have two other housekeeping issues on cases.

THE COURT: Yes.

MR. PARIKH: I'm sorry. Did you have something else

on this?

MR. SHAW: Well, we're still talking about that subject of all of these cases, Your Honor. I appreciate that you're willing to get involved in the discovery aspect of the case, which is normally with a magistrate.

Would Your Honor be willing to have your offices available for settlements? When we were talking about the four cases that would go forward, Your Honor mentioned if some settled, that would put things behind. We saw that as a feature, not a bug, of the process of identifying some cases early. If there's settlement prospects in the wind, is that something that Your Honor would be willing -- assuming that the defendant would --

THE COURT: Either I would do it or -- what I would do is have a magistrate judge in Philadelphia handle it. In the Eastern District of Pennsylvania every judge is paired with a particular magistrate judge. I don't know how it's done here in New Jersey, but I think it would be inappropriate to have a New Jersey magistrate judge handle it for the same reason that we don't have a New Jersey federal district judge involved in these cases.

So we can certainly work that out. I probably would not want to myself get too involved in the settlement of cases. I've always been a little reluctant to do that since I'm going to be presiding over the trial. I will certainly

help facilitate that. You would get in touch with me with the particular defendants. We can set up a phone conference to talk about that and work out something.

MR. STIO: We're fine with that, Your Honor.

THE COURT: If that's agreeable.

I'm going to be away for a couple weeks in August, so I try to be responsive as I can. If I don't -- if there's radio silence for a couple of weeks in August, it isn't that I've forgotten about all of you. Although I may try to forget about all of you while I'm away on vacation.

MR. SHAW: We did the same, Your Honor.

THE COURT: All right.

Anything further?

MR. PARIKH: Yes.

THE COURT: Yes. Go ahead.

MR. PARIKH: There's two housekeeping issues, Your Honor.

So with respect to Quantarium and Innovative Web Solutions, those two defendants. When we were here last we had mentioned to Your Honor that they had not served their Rule 26 disclosures as previously ordered by the Court.

THE COURT: I thought they said they were going to do that.

MR. PARIKH: They did. We just got them on July 29th, so I think that might be yesterday or the day before.

Yesterday.

THE COURT: Very good.

MR. PARIKH: But they're deficient, Judge. They haven't identified things. All I'd ask is that Your Honor set an outside deadline. We're happy to get on the phone with them today or tomorrow to talk about the issues.

THE COURT: Is counsel for that company here? Come forward, please.

MS. MCCUSKER: Good morning, Your Honor.

THE COURT: Good morning.

MS. MCCUSKER: Rebecca McCusker on behalf of the defendants.

I am just filling in for John Mills, so I don't have specific knowledge on the deficiencies you raise. However, when I leave court today I can hop on the phone with him and have him call you thereafter and address those.

MR. PARIKH: As long as there's an outside deadline. We've had some trouble getting responses from counsel on these two cases. So if Your Honor just says within a week they're going to be supplemented, then that's fine.

THE COURT: Well, I don't know whether they're deficient, but it seems to me that at least defense counsel should be available for discussion with Mr. Parikh. So if you would advise your colleague that I would very much appreciate his making time available in the next week to confer with Mr.

Parikh and try to get this worked out.

MS. MCCUSKER: Sure, Your Honor. I don't see that being an issue.

THE COURT: All right.

MR. PARIKH: There's also an issue --

THE COURT: Thank you very much.

MR. PARIKH: Thank you, Your Honor.

-- with respect to Yardi Systems there's a dispute. We sent them an email earlier this week. It relates to an attorneys' eyes only designation on an insurance policy that was produced. We said, you know, this is the wrong designation for the policy. It should be, you know, reduced down to confidential. There's really no reason why it's attorneys' eyes only.

We then got a supplemental Rule 26 disclosure withdrawing that. So I just flag for the Court that that's another issue. We're happy to talk to counsel. We emailed them earlier this week. We haven't heard back.

THE COURT: Is counsel here for that defendant?

(No response.)

Well, you can convey to them that I appreciate your having a discussion with them in the next week.

MR. PARIKH: Thank you, Judge.

And then the last two questions, Your Honor. So I know the Kleissner case --

THE COURT: We just gave an extension on that.

MR. PARIKH: Correct. I very much appreciate that, Your Honor.

So I assume that case is going to be on its own track for now.

THE COURT: Yes.

MR. PARIKH: And then I think there's the motion to amend on True Software that's still pending.

THE COURT: I know. That's one that I have to deal with yet.

MR. PARIKH: Okay.

THE COURT: That's, I think, the only other outstanding.

MR. PARIKH: That's correct, Judge, yeah. So we'll leave that case aside also with respect to this process.

THE COURT: Right. Exactly.

MR. PARIKH: Okay. Thank you, Your Honor.

THE COURT: All right. Everyone have a wonderful August.

MR. STIO: Thank you, Your Honor.

THE DEPUTY COURT CLERK: All rise.

(Court concludes at 10:51 a.m.)

FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

\- - - - - - - - - - - - - - - - - - - - -

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

I

**/S/ Megan McKay-Soule, RDR, CRR** **August 4, 2026**

Court Reporter Date

## $

**$19,000,000** [1] - 15:18

## /

**/S** [1] - 53:11

## 0

**07016** [1] - 14:3
**07052** [1] - 12:3
**07102** [3] - 12:20, 13:17, 14:10
**07601** [1] - 14:7
**07728** [1] - 13:6
**07962** [1] - 13:3
**08101** [1] - 1:17
**08540** [1] - 14:15
**08543** [1] - 12:6

## 1

**1** [2] - 12:3, 42:12
**10** [1] - 44:9
**100** [2] - 13:6, 13:20
**10005** [1] - 13:20
**10018** [1] - 12:10
**10036** [1] - 13:14
**10075** [1] - 12:17
**101** [1] - 12:3
**10601** [1] - 13:10
**108** [1] - 14:3
**10:00** [2] - 1:18, 15:3
**10:51** [1] - 52:22
**11** [1] - 18:20
**12207** [1] - 11:23
**15** [3] - 24:24, 26:9, 44:9
**1515** [1] - 13:23
**16th** [1] - 14:22
**1717** [1] - 12:13
**1735** [1] - 12:23
**19,000** [1] - 33:4
**19102** [2] - 13:23, 14:22
**19103** [2] - 12:14, 12:23
**19333** [1] - 14:19

## 2

**20** [9] - 24:11, 38:19, 38:21, 39:3, 41:4, 41:7, 44:9, 44:22, 45:16
**200** [3] - 13:10, 14:18, 44:23
**201** [1] - 13:20
**2026** [3] - 1:18, 15:3, 53:11
**2027** [1] - 20:6
**2050** [1] - 13:23
**21117** [1] - 12:17
**24-10600** [1] - 9:20
**24-11023** [1] - 10:2
**24-4037** [1] - 1:4
**24-4041** [1] - 1:10
**24-4045** [1] - 2:2
**24-4075** [1] - 2:8
**24-4080** [1] - 2:15
**24-4096** [1] - 2:21
**24-4098** [1] - 3:2
**24-4103** [1] - 3:8
**24-4141** [1] - 3:14
**24-4143** [1] - 3:20
**24-4160** [1] - 4:2
**24-4174** [1] - 4:8
**24-4176** [1] - 4:15
**24-4178** [1] - 4:21
**24-4256** [1] - 5:2
**24-4261** [1] - 5:9
**24-4269** [1] - 5:14
**24-4292** [1] - 5:20
**24-4324** [1] - 6:2
**24-4345** [1] - 6:8
**24-4383** [1] - 6:14
**24-4385** [1] - 6:20
**24-4389** [1] - 7:2
**24-4434** [1] - 7:8
**24-4609** [1] - 7:14
**24-4664** [1] - 7:20
**24-5600** [1] - 8:2
**24-5656** [1] - 8:8
**24-5658** [1] - 8:15
**24-5775** [1] - 8:21
**24-7324** [1] - 9:2
**24-8075** [1] - 9:8
**24-8451** [1] - 9:14
**25** [16] - 14:6, 22:25, 23:6, 24:8, 25:1, 25:11, 26:12, 27:4, 30:8, 39:10, 43:17, 43:24, 44:2, 44:9, 44:11, 45:16
**25-12137** [1] - 11:15
**25-1535** [1] - 10:8
**25-5989** [1] - 10:14
**25-6863** [1] - 10:20
**25-9224** [1] - 11:2
**25-9963** [1] - 11:8
**26** [3] - 40:3, 49:21, 51:15
**26(a)(1)'s** [1] - 31:8
**26(f** [4] - 29:10, 29:17, 30:9, 40:8
**26.1(d** [1] - 30:20
**2600** [1] - 14:10
**29th** [1] - 49:25

## 3

**30** [10] - 1:18, 11:22, 15:3, 27:14, 27:20, 39:23, 40:2, 41:8, 41:9, 41:10
**300** [1] - 14:15
**301** [1] - 12:6
**30th** [1] - 27:9
**31** [1] - 19:12
**3200** [1] - 14:22
**32nd** [1] - 12:9
**33** [1] - 42:22
**34** [2] - 39:14, 42:22
**35** [2] - 25:5, 39:22
**36** [1] - 42:22
**38** [1] - 15:21
**39** [1] - 15:21

## 4

**4** [3] - 13:6, 14:3, 53:11
**40** [14] - 27:19, 28:12, 28:14, 28:20, 29:2, 36:7, 38:13, 38:14, 38:15, 39:2, 39:18, 39:22, 47:6, 47:12
**400** [1] - 12:6
**401** [1] - 12:17
**41** [7] - 15:23, 18:1, 37:14, 41:5, 41:24, 42:4, 42:5
**426** [1] - 14:18
**45** [1] - 18:18
**4th** [1] - 1:17

## 5

**5** [3] - 13:10, 44:9, 45:17
**50** [1] - 14:22
**506** [1] - 14:14
**51st** [1] - 12:23

## 6

**60** [1] - 26:5
**609** [1] - 1:22
**610** [1] - 12:13
**620** [1] - 12:9

## 7

**7** [1] - 13:14

## 8

**800** [1] - 13:17
**815-2319** [1] - 1:22

## A

**a.m** [3] - 1:18, 15:3, 52:22
**ability** [2] - 17:17, 22:19
**able** [5] - 17:22, 18:21, 20:8, 26:13, 38:12
**above-entitled** [1] - 53:5
**absolutely** [1] - 28:18
**Accudata** [1] - 13:11
**ACCURATE** [1] - 4:24
**ACCUZIP** [1] - 6:17
**Accuzip** [1] - 14:12
**achieve** [1] - 17:6
**achieved** [1] - 15:25
**act** [2] - 36:11, 46:9
**acted** [1] - 18:7
**ACTION** [41] - 1:3, 1:9, 2:1, 2:7, 2:13, 2:20, 3:1, 3:7, 3:13, 3:19, 4:1, 4:7, 4:14, 4:20, 5:1, 5:7, 5:13, 5:19, 6:1, 6:7, 6:13, 6:19, 7:1, 7:7, 7:13, 7:19, 8:1, 8:7, 8:14, 8:20, 9:1, 9:7, 9:13, 9:19, 10:1, 10:7, 10:13, 10:19, 11:1, 11:7, 11:14
**actual** [1] - 20:25
**adagio** [1] - 40:16
**Adam** [1] - 31:6
**ADAM** [1] - 11:22
**additional** [3] - 21:11, 27:15, 45:14
**address** [1] - 50:16
**addressed** [2] - 16:4, 17:25
**addresses** [1] - 30:20
**addressing** [1] - 32:10
**admissions** [1] - 42:21
**advantage** [1] - 45:22
**advise** [1] - 50:24
**afraid** [1] - 37:7
**agency** [1] - 33:12
**ago** [1] - 37:13
**AGR** [2] - 11:17, 14:11
**agree** [8] - 21:8, 22:11, 25:10, 26:11, 26:13, 28:13, 33:21, 45:4
**agreeable** [2] - 26:21, 49:5
**agreed** [2] - 20:7, 23:18
**agreement** [1] - 44:25
**agrees** [1] - 26:19
**ahead** [3] - 37:11, 45:11, 49:15
**aided** [1] - 1:23
**al** [81] - 1:4, 1:7, 1:10, 1:13, 2:1, 2:5, 2:8, 2:11, 2:14, 2:17, 2:20, 2:23, 3:1, 3:5, 3:7, 3:10, 3:13, 3:19, 3:23, 4:1, 4:5, 4:8, 4:11, 4:14, 4:18, 4:21, 4:24, 5:1, 5:4, 5:7, 5:10, 5:13, 5:16, 5:19, 5:22, 6:1, 6:5, 6:8, 6:11, 6:14, 6:17, 6:20, 6:23, 7:1, 7:5, 7:8, 7:14, 7:17, 7:20, 7:23, 8:1, 8:5, 8:8, 8:11, 8:14, 8:17, 8:20, 8:23, 9:1, 9:4, 9:7, 9:10, 9:13, 9:17, 9:20, 9:23, 10:1, 10:4, 10:7, 10:11, 10:14, 10:17, 10:20, 10:23, 11:1, 11:4, 11:7, 11:11, 11:14, 11:18, 12:11
**Albany** [1] - 11:23
**Alesco** [1] - 14:12
**ALESCO** [1] - 8:11
**allegretto** [1] - 40:17
**Alliance** [1] - 12:14
**ALLIANCE** [1] - 3:4
**allow** [3] - 16:5, 16:12, 21:2
**allowing** [1] - 21:17
**allows** [1] - 18:25
**alternative** [2] - 19:14, 37:10
**altogether** [1] - 16:23
**AlumniFinder** [1] - 13:11
**amend** [1] - 52:8
**amended** [1] - 30:2
**AMERICA** [1] - 6:4
**AMERILIST** [1] - 8:23
**Amerilist** [1] - 14:11
**amicus** [1] - 20:20
**Analytics** [1] - 13:7
**ANGELO** [1] - 12:5
**answer** [12] - 17:23, 23:7, 27:19, 28:15, 28:20, 28:22, 29:2, 38:12, 38:14, 41:14, 42:4
**answers** [11] - 27:22,

31:10, 31:13, 31:15, 32:8, 34:24, 38:18, 38:19, 39:2, 41:9, 42:19
**appear** [1] - 33:23
**Appearances** [1] - 11:25
**APPEND** [1] - 4:24
**applaud** [1] - 42:8
**application** [1] - 15:16
**applies** [1] - 42:4
**apply** [2] - 16:5, 17:2
**appreciate** [5] - 15:15, 48:3, 50:24, 51:21, 52:2
**approach** [7] - 18:25, 22:2, 22:7, 23:13, 24:17, 29:14, 37:13
**appropriate** [1] - 20:21
**approval** [1] - 38:16
**arbitrary** [1] - 45:19
**Arch** [1] - 12:13
**argument** [1] - 36:22
**arguments** [1] - 19:9
**articulated** [1] - 19:15
**aside** [1] - 52:15
**ASL** [1] - 13:11
**aspect** [1] - 48:4
**assignors** [3] - 17:18, 44:19, 44:21
**assume** [5] - 29:6, 33:3, 46:9, 46:22, 52:4
**assuming** [2] - 18:15, 48:12
**Atlas** [5] - 16:11, 16:17, 17:19, 18:17, 20:13
**ATLAS** [41] - 1:3, 1:9, 2:1, 2:7, 2:13, 2:20, 3:1, 3:7, 3:13, 3:19, 4:1, 4:7, 4:14, 4:20, 5:1, 5:7, 5:13, 5:19, 6:1, 6:7, 6:13, 6:19, 7:1, 7:7, 7:13, 7:19, 8:1, 8:7, 8:14, 8:20, 9:1, 9:7, 9:13, 9:19, 10:1, 10:7, 10:13, 10:19, 11:1, 11:7, 11:14
**Atlas's** [3] - 16:8, 16:20, 18:18
**attack** [1] - 29:19
**attempt** [1] - 19:13
**attorneys'** [2] - 51:10, 51:14
**aught** [1] - 39:6
**August** [4] - 49:6, 49:8, 52:19, 53:11
**authorized** [1] - 16:17
**available** [6] - 17:1, 33:9, 33:10, 48:7, 50:23, 50:25
**Avenue** [5] - 12:9, 13:3, 13:10, 14:3, 14:18

## B

**backwards** [1] - 33:2
**bad** [2] - 36:23
**ball** [3] - 22:6, 39:6, 40:5
**BALLARD** [1] - 12:22
**Bartle** [2] - 15:2, 15:5
**BARTLE** [1] - 1:19
**battles** [1] - 35:25
**BAYLES** [1] - 14:14
**beat** [1] - 37:9
**behalf** [1] - 50:11
**behind** [4] - 22:5, 34:8, 34:12, 48:9
**behind-the-wall** [1] - 34:8
**belabor** [1] - 19:9
**bellwether** [4] - 18:3, 20:25, 21:1
**bellwether's** [1] - 16:2
**benefit** [1] - 17:8
**Bergen** [2] - 22:23, 23:10
**BERMAN** [1] - 13:9
**best** [1] - 22:2
**better** [3] - 22:7, 29:18, 45:18
**between** [1] - 37:13
**big** [1] - 34:5
**BISGAARD** [1] - 13:16
**bit** [1] - 47:13
**BOIES** [1] - 11:21
**boilerplate** [2] - 41:12, 43:10
**Boland** [1] - 12:3
**Boulevard** [1] - 12:17
**Bound** [1] - 13:11
**bound** [1] - 18:12
**boys** [2] - 36:23
**BRIAN** [1] - 13:16
**brief** [5] - 16:8, 16:21, 20:20, 38:22, 40:25
**briefing** [1] - 17:6
**briefs** [5] - 15:10, 15:16, 41:1, 42:6, 42:7
**bring** [1] - 32:12
**BRISBOIS** [1] - 13:16
**BUCHANAN** [1] - 14:20
**bug** [1] - 48:10
**Building** [1] - 1:16
**bunch** [1] - 34:2
**burden** [3] - 16:9, 33:1, 34:25
**burdens** [1] - 16:20
**business** [1] - 18:21
**BY** [19] - 11:22, 12:2, 12:5, 12:9, 12:12, 12:16, 12:19, 12:22, 13:5, 13:9, 13:13, 13:16, 13:19, 13:22, 14:2, 14:5, 14:9, 14:14, 14:17

## C

**Camden** [1] - 1:17
**Caption** [1] - 6:25
**Captions** [9] - 1:25, 2:25, 3:25, 4:25, 5:25, 7:25, 8:25, 9:25, 10:25
**Carnegie** [2] - 12:6, 14:14
**CAROLINE** [1] - 13:22
**case** [18] - 18:19, 19:24, 20:17, 31:24, 33:25, 34:4, 34:5, 38:5, 40:19, 42:8, 43:7, 44:19, 45:25, 47:11, 48:5, 51:25, 52:4, 52:15
**cases** [56] - 16:5, 16:22, 17:3, 17:18, 18:19, 19:1, 19:17, 19:19, 19:25, 20:3, 20:4, 20:5, 20:8, 20:11, 20:16, 21:1, 21:2, 21:9, 21:10, 21:11, 21:14, 21:16, 22:2, 22:3, 22:5, 22:8, 22:14, 22:16, 23:20, 23:22, 25:3, 29:13, 29:14, 29:22, 30:14, 31:17, 31:22, 32:13, 34:2, 37:14, 37:15, 42:4, 42:25, 43:21, 47:15, 47:16, 47:23, 48:3, 48:8, 48:10, 48:21, 48:24, 50:19
**castle** [1] - 34:12
**causation** [1] - 18:4
**Center** [4] - 12:6, 12:20, 14:9, 14:14
**certain** [1] - 26:13
**certainly** [3] - 38:14, 48:22, 48:25
**CERTIFICATE** [1] - 53:1
**certify** [1] - 53:4
**cetera** [3] - 30:5, 30:24, 35:20
**choose** [1] - 47:13
**Civil** [1] - 13:7
**CIVIL** [42] - 1:3, 1:9, 2:1, 2:7, 2:13, 2:20, 3:1, 3:7, 3:13, 3:19, 3:22, 4:1, 4:7, 4:14, 4:20, 5:1, 5:7, 5:13, 5:19, 6:1, 6:7, 6:13, 6:19, 7:1, 7:7, 7:13, 7:19, 8:1, 8:7, 8:14, 8:20, 9:1, 9:7, 9:13, 9:19, 10:1, 10:7, 10:13, 10:19, 11:1, 11:7, 11:14
**claim** [2] - 16:19, 17:2
**claimed** [1] - 36:1
**claims** [1] - 33:5
**clarification** [1] - 28:2
**clarify** [1] - 40:6
**CLARK** [1] - 13:22
**CLERK** [2] - 15:4, 52:21
**client** [1] - 34:16
**clients** [2] - 30:24, 35:3
**close** [1] - 45:9
**cohen** [1] - 1:16
**colleague** [2] - 32:1, 50:24
**College** [1] - 13:11
**Commencing** [1] - 1:18
**Commerce** [1] - 13:7
**COMMERCE** [1] - 4:4
**common** [4] - 18:4, 19:16, 24:10
**COMPACT** [1] - 9:16
**Compact** [1] - 13:11
**company** [1] - 50:7
**Company** [1] - 14:16
**COMPANY** [1] - 11:10
**compel** [7] - 39:4, 40:23, 41:2, 41:10, 41:21, 41:24, 43:4
**compelling** [1] - 27:18
**complaint** [2] - 33:3, 33:20
**complete** [1] - 47:3
**completed** [1] - 43:1
**complicated** [1] - 20:4
**complications** [1] - 43:6
**comply** [1] - 27:23
**computer** [5] - 1:23, 29:11, 29:12, 29:18, 30:13
**computer-aided** [1] - 1:23
**concept** [3] - 18:3, 18:11, 31:7
**conceptually** [2] - 30:18, 32:4
**concern** [1] - 31:11
**concerned** [3] - 17:17, 33:23, 41:3
**concerns** [2] - 17:15, 20:24
**concludes** [1] - 52:22
**conduct** [1] - 18:7
**confer** [11] - 30:23, 32:9, 32:24, 38:10, 38:21, 39:3, 40:8, 41:6, 44:8, 50:25
**Conference** [1] - 1:5
**conference** [14] - 29:17, 30:9, 30:21, 31:19, 32:16, 33:22, 36:25, 37:3, 37:16, 37:20, 40:8, 40:9, 43:3, 49:2
**conferences** [4] - 31:12, 31:18, 36:7, 36:10
**confidence** [1] - 32:16
**confidential** [1] - 51:13
**consideration** [1] - 31:1
**considering** [1] - 15:16
**consolidated** [3] - 17:5, 42:2, 42:7
**consolidation** [1] - 18:12
**constant** [1] - 35:25
**constitutes** [1] - 17:4
**consulting** [2] - 34:22
**contacted** [1] - 32:6
**contemplating** [1] - 16:3
**contention** [6] - 25:8, 25:14, 25:18, 26:4, 26:6, 26:8
**continue** [1] - 21:13
**continued** [11] - 1:25, 2:25, 3:25, 4:25, 5:25, 6:25, 7:25, 8:25, 9:25, 10:25, 11:25
**Continued** [3] - 12:1, 13:1, 14:1
**contours** [1] - 29:18
**control** [2] - 21:17, 21:18
**convey** [1] - 51:21
**COOPER** [2] - 14:2, 14:2

**Cooper** [1] - 1:17
**coordinated** [2] - 40:25, 41:23
**CORP** [4] - 2:17, 5:16, 5:22, 9:4
**Corp** [3] - 12:7, 13:4, 14:11
**CORPORATION** [41] - 1:4, 1:10, 2:1, 2:8, 2:14, 2:20, 3:1, 3:7, 3:13, 3:19, 4:1, 4:8, 4:14, 4:21, 5:1, 5:7, 5:13, 5:19, 6:1, 6:8, 6:14, 6:20, 7:1, 7:8, 7:14, 7:20, 8:1, 8:8, 8:14, 8:20, 9:1, 9:7, 9:13, 9:20, 10:1, 10:7, 10:14, 10:20, 11:1, 11:7, 11:14
**correct** [5] - 45:2, 45:3, 52:2, 52:14, 53:4
**COUGHLIN** [1] - 14:17
**counsel** [10] - 34:1, 46:4, 47:8, 47:18, 50:7, 50:18, 50:22, 51:17, 51:19
**Counsel** [2] - 14:19, 14:23
**County** [3] - 22:22, 22:23, 23:10
**couple** [4] - 23:21, 29:14, 49:6, 49:8
**course** [3] - 24:5, 25:7, 47:14
**court** [19] - 15:1, 19:22, 22:9, 22:14, 22:16, 23:18, 23:20, 24:3, 24:6, 25:3, 29:21, 29:23, 34:3, 35:24, 36:1, 43:21, 45:12, 46:9, 50:15
**COURT** [104] - 1:1, 15:4, 15:6, 15:8, 15:14, 15:23, 19:4, 21:20, 21:22, 22:24, 23:11, 23:25, 24:5, 24:8, 24:16, 25:17, 25:20, 25:22, 25:25, 26:2, 26:3, 26:11, 26:17, 26:19, 26:23, 27:3, 27:7, 28:3, 28:6, 28:9, 28:12, 28:16, 28:18, 28:22, 29:1, 29:21, 30:15, 30:17, 31:2, 31:5, 32:3, 32:18, 35:3, 35:10, 35:12, 35:16, 35:21, 36:5, 36:9, 36:16, 36:20, 37:11, 37:17, 39:8, 39:11, 39:14, 39:20, 39:23, 40:2, 40:10, 40:12, 41:2, 41:8, 42:1, 42:12, 42:14, 42:16, 43:13, 43:15, 43:19, 43:23, 44:3, 44:6, 44:10, 45:1, 45:4, 45:11, 45:18, 45:23, 46:13, 46:17, 46:22, 47:18, 47:24, 48:14, 49:5, 49:12, 49:15, 49:22, 50:2, 50:7, 50:10, 50:21, 51:4, 51:6, 51:19, 52:1, 52:6, 52:9, 52:12, 52:16, 52:18, 52:21, 53:1
**Court** [27] - 1:21, 14:6, 15:15, 16:2, 16:21, 18:11, 18:17, 18:24, 20:9, 20:21, 21:7, 21:11, 21:17, 27:17, 30:19, 31:24, 32:12, 32:14, 33:14, 34:21, 38:1, 38:16, 45:16, 49:21, 51:16, 52:22, 53:12
**Court's** [3] - 15:19, 17:16, 31:1
**Courthouse** [1] - 1:16
**courts** [3] - 23:2, 23:3, 31:16
**covered** [1] - 36:2
**Cranford** [1] - 14:3
**create** [1] - 32:10
**credit** [1] - 33:12
**critical** [3] - 29:12, 31:24, 46:2
**critically** [1] - 34:5
**CRR** [1] - 53:11
**culpable** [1] - 18:6
**custom** [1] - 38:24

## D

**Daniel's** [2] - 16:18, 33:15
**DANZIG** [1] - 13:2
**Darkowl** [1] - 14:11
**DARKOWL** [1] - 9:23
**DATA** [46] - 1:3, 1:9, 2:1, 2:7, 2:13, 2:20, 3:1, 3:7, 3:13, 3:19, 3:22, 4:1, 4:7, 4:14, 4:17, 4:20, 5:1, 5:7, 5:13, 5:19, 5:22, 6:1, 6:7, 6:13, 6:19, 7:1, 7:7, 7:13, 7:19, 8:1, 8:7, 8:14, 8:20, 9:1, 9:4, 9:7, 9:13, 9:19, 10:1, 10:7, 10:13, 10:19, 11:1, 11:7, 11:10, 11:14
**data** [2] - 20:19, 32:25
**Data** [6] - 12:7, 13:4, 13:7, 13:7, 14:11, 14:16
**database** [3] - 29:25, 30:4, 33:13
**Date** [1] - 53:12
**date** [3] - 25:9, 27:10, 38:9
**days** [23] - 25:5, 26:5, 27:14, 27:19, 27:20, 28:14, 28:21, 29:2, 38:13, 38:15, 38:19, 38:21, 38:22, 39:3, 39:5, 39:18, 41:4, 41:7, 41:8, 41:9, 41:10
**dead** [1] - 37:9
**deadline** [4] - 27:7, 27:16, 50:5, 50:17
**deadlines** [1] - 27:13
**deal** [10] - 24:18, 29:5, 34:5, 34:13, 38:25, 39:5, 43:2, 43:5, 47:16, 52:9
**decide** [5] - 16:21, 43:4, 44:11, 47:3, 47:9
**decided** [2] - 17:19, 37:13
**decisions** [2] - 18:22, 37:21
**DEENEY** [1] - 13:16
**DeepSync** [1] - 13:12
**Defendant** [12] - 12:18, 12:21, 13:4, 13:15, 13:18, 13:21, 13:24, 14:4, 14:7, 14:16, 14:19, 14:23
**defendant** [17] - 18:5, 18:10, 20:17, 20:19, 21:22, 24:13, 25:12, 25:13, 29:8, 30:10, 33:3, 33:5, 38:14, 41:25, 45:13, 48:13, 51:19
**defendant's** [1] - 36:21
**Defendants** [46] - 1:8, 1:14, 2:6, 2:12, 2:18, 3:6, 3:11, 3:17, 3:24, 4:6, 4:12, 4:19, 4:25, 5:5, 5:11, 5:17, 5:23, 6:6, 6:12, 6:18, 6:24, 7:6, 7:12, 7:18, 7:24, 8:12, 8:18, 8:24, 9:5, 9:11, 9:18, 9:24, 10:5, 10:12, 10:18, 10:24, 11:5, 11:12, 11:19, 12:7, 12:10, 12:14, 12:24, 13:7, 13:11, 14:11
**defendants** [64] - 2:24, 8:6, 15:18, 15:20, 16:3, 16:12, 16:20, 17:14, 17:21, 18:15, 18:20, 19:11, 19:18, 19:20, 19:21, 20:5, 20:9, 20:14, 21:7, 22:13, 22:14, 22:20, 23:14, 23:18, 24:3, 24:17, 24:22, 25:6, 25:10, 26:10, 26:16, 26:24, 27:19, 28:5, 28:6, 28:14, 28:20, 29:7, 29:11, 35:4, 35:19, 36:1, 36:4, 36:15, 37:8, 37:22, 38:2, 38:9, 38:12, 40:7, 40:24, 41:22, 42:4, 42:6, 44:2, 44:17, 44:22, 44:23, 45:15, 46:1, 46:19, 49:2, 49:19, 50:12
**defendants'** [1] - 19:24
**defense** [5] - 15:12, 44:25, 46:4, 47:18, 50:22
**deficiencies** [1] - 50:14
**deficient** [3] - 32:15, 50:3, 50:22
**degree** [1] - 32:16
**delay** [2] - 36:13, 43:11
**Deluxe** [1] - 12:7
**DELUXE** [1] - 2:17
**Delvepoint** [1] - 13:24
**DELVEPOINT** [1] - 2:23
**demand** [1] - 41:6
**demands** [1] - 29:24
**denied** [1] - 17:14
**depose** [1] - 17:17
**deposition** [5] - 29:17, 30:2, 30:11, 32:12, 47:7
**depositions** [9] - 22:9, 30:22, 35:20, 36:8, 42:18, 47:4, 47:5, 47:6
**deprives** [1] - 15:19
**DEPUTY** [2] - 15:4, 52:21
**designation** [2] - 51:10, 51:12
**designed** [1] - 32:10
**desire** [1] - 46:5
**Devon** [1] - 14:19
**DIALER** [1] - 10:4
**Dialer** [1] - 14:7
**different** [8] - 19:18, 19:20, 19:21, 23:21, 28:9, 44:19
**Digital** [1] - 13:7
**DIGITAL** [1] - 3:16
**disagree** [3] - 21:8, 30:18, 32:4
**disagrees** [2] - 18:17
**disclose** [2] - 37:22, 37:23
**disclosure** [8] - 16:25, 33:2, 33:4, 33:7, 33:15, 34:25, 35:5, 51:15
**disclosures** [8] - 31:23, 32:8, 33:17, 34:1, 34:3, 35:10, 45:2, 49:21
**discovery** [29] - 16:3, 16:10, 16:14, 16:22, 17:3, 17:7, 17:13, 17:25, 20:4, 20:6, 20:12, 20:13, 20:14, 21:18, 22:8, 23:12, 29:19, 30:12, 33:21, 36:3, 36:25, 37:6, 38:24, 40:1, 42:22, 42:25, 43:1, 48:4
**discretion** [1] - 21:17
**discuss** [1] - 37:3
**discussed** [1] - 36:19
**discussion** [3] - 33:10, 50:23, 51:22
**discussions** [2] - 21:12, 29:11
**dispose** [1] - 16:22
**disposed** [1] - 21:16
**dispute** [1] - 51:8
**dissatisfied** [1] - 42:5
**District** [2] - 15:2, 48:16
**district** [2] - 32:13, 48:20
**DISTRICT** [3] - 1:1, 1:1, 1:20
**DM** [2] - 2:11, 12:7
**docket** [1] - 21:18
**document** [6] - 22:19, 29:24, 41:6, 44:2, 44:5, 45:8
**documents** [10] - 25:7, 27:11, 29:3, 30:11, 35:20, 38:15,

42:20, 44:16, 44:20, 44:24
**DOLOWICH** [1] - 14:5
**done** [12] - 16:13, 20:6, 21:9, 25:3, 29:21, 29:24, 29:25, 30:4, 38:11, 40:10, 40:13, 48:18
**doubt** [1] - 46:10
**down** [4] - 34:20, 36:12, 47:12, 51:13
**dozen** [2] - 23:24, 23:25
**draft** [1] - 24:21
**Drive** [1] - 12:3
**due** [3] - 17:15, 18:23, 20:23
**dump** [1] - 45:8
**during** [3] - 25:9, 32:7, 40:13

## E

**e-discovery** [1] - 36:25
**e-mail** [2] - 30:5, 34:4
**e-MERGES.COM** [1] - 7:11
**eager** [1] - 20:9
**early** [4] - 27:10, 29:16, 38:5, 48:11
**Eastern** [1] - 48:16
**easy** [1] - 38:1
**EDPA** [1] - 1:20
**effect** [1] - 17:9
**efficiencies** [1] - 15:25
**efficiency** [1] - 21:2
**efficient** [1] - 32:10
**efficiently** [1] - 17:13
**effort** [1] - 41:18
**eight** [2] - 22:6, 34:16
**eight-ball** [1] - 22:6
**Eighth** [1] - 12:9
**either** [5] - 18:24, 31:11, 34:20, 38:4, 48:14
**electronic** [1] - 40:1
**element** [1] - 17:1
**elements** [1] - 16:19
**ELIAS** [1] - 12:19
**email** [2] - 36:3, 51:9
**emailed** [1] - 51:17
**emails** [1] - 36:2
**eMerges.com** [1] - 12:18
**EMILY** [1] - 13:13
**enter** [1] - 47:1
**ENTERPRISES** [1] - 7:4
**Enterprises** [1] - 14:12
**entitled** [1] - 53:5
**EQUIMINE** [1] - 5:10
**Equimine** [1] - 12:21
**equity** [1] - 36:24
**ESI** [10] - 30:20, 31:12, 32:7, 32:15, 34:2, 36:7, 37:2, 37:16, 40:7, 40:8
**ESQUIRE** [20] - 11:22, 12:2, 12:5, 12:9, 12:12, 12:16, 12:19, 12:22, 13:2, 13:5, 13:9, 13:13, 13:16, 13:19, 13:22, 14:2, 14:5, 14:14, 14:17, 14:21
**essential** [1] - 17:1
**essentially** [1] - 44:23
**et** [84] - 1:4, 1:7, 1:10, 1:13, 2:1, 2:5, 2:8, 2:11, 2:14, 2:17, 2:20, 2:23, 3:1, 3:5, 3:7, 3:10, 3:13, 3:19, 3:23, 4:1, 4:5, 4:8, 4:11, 4:14, 4:18, 4:21, 4:24, 5:1, 5:4, 5:7, 5:10, 5:13, 5:16, 5:19, 5:22, 6:1, 6:5, 6:8, 6:11, 6:14, 6:17, 6:20, 6:23, 7:1, 7:5, 7:8, 7:14, 7:17, 7:20, 7:23, 8:1, 8:5, 8:8, 8:11, 8:14, 8:17, 8:20, 8:23, 9:1, 9:4, 9:7, 9:10, 9:13, 9:17, 9:20, 9:23, 10:1, 10:4, 10:7, 10:11, 10:14, 10:17, 10:20, 10:23, 11:1, 11:4, 11:7, 11:11, 11:14, 11:18, 12:11, 30:5, 30:24, 35:20
**event** [1] - 26:6
**evidence** [2] - 18:21, 29:13
**exact** [2] - 23:23, 31:9
**exactly** [2] - 22:20, 52:16
**example** [2] - 20:18, 33:12
**except** [2] - 27:17, 29:9
**exist** [1] - 18:5
**expect** [4] - 36:10, 40:15, 42:5, 43:8
**expedite** [4] - 42:7, 45:25, 46:6, 46:19
**expedition** [3] - 32:23, 33:20, 33:24
**expert** [3] - 30:4, 31:18
**experts** [2] - 34:22, 34:23
**explain** [2] - 31:10, 34:20
**explaining** [1] - 32:15
**extension** [1] - 52:1
**extensions** [2] - 27:17, 38:16
**extent** [7] - 20:1, 20:15, 24:13, 25:1, 26:10, 30:7, 45:17
**extra** [1] - 44:24
**eye** [1] - 40:5
**eyes** [2] - 51:10, 51:14

## F

**faced** [2] - 34:7, 35:24
**facilitate** [1] - 49:1
**fact** [2] - 18:10, 31:16
**fact-specific** [1] - 18:10
**faith** [3] - 36:11, 43:8, 46:9
**far** [1] - 31:8
**fashions** [1] - 44:20
**fault** [1] - 40:20
**FBT** [1] - 12:19
**feature** [1] - 48:10
**February** [1] - 20:6
**FEDERAL** [1] - 53:1
**Federal** [1] - 22:24
**federal** [6] - 24:6, 27:5, 30:25, 31:17, 36:1, 48:20
**few** [3] - 26:14, 46:13, 46:18
**figure** [2] - 35:1, 37:23
**file** [6] - 25:18, 27:22, 38:20, 40:24, 41:7, 42:20
**filed** [4] - 33:2, 33:19, 38:20, 40:21
**filing** [1] - 42:7
**filling** [1] - 50:13
**finally** [2] - 18:2, 18:14
**fine** [9] - 31:7, 34:3, 34:13, 34:23, 40:1, 44:3, 46:12, 49:4, 50:20
**first** [7] - 15:8, 17:18, 20:5, 21:4, 21:9, 30:2, 40:18
**fishing** [3] - 32:22, 33:20, 33:23
**five** [8] - 22:22, 24:12, 43:17, 43:24, 44:4, 44:5, 44:22
**flag** [1] - 51:16
**FLEXNER** [1] - 11:21
**Floor** [2] - 12:9, 12:23
**follow** [2] - 22:12, 30:21
**FOR** [1] - 1:1
**forced** [1] - 17:21
**foregoing** [1] - 53:4
**forever** [1] - 47:20
**forget** [2] - 34:16, 49:9
**forgotten** [1] - 49:9
**form** [1] - 43:9
**formal** [1] - 34:24
**forth** [2] - 27:5, 29:5
**forty** [1] - 17:21
**forty-one** [1] - 17:21
**forward** [22] - 15:21, 20:11, 20:16, 21:2, 21:18, 22:3, 23:12, 29:14, 37:18, 38:2, 38:4, 38:6, 38:7, 40:22, 42:14, 42:25, 46:19, 46:20, 46:23, 48:8, 50:8
**four** [5] - 15:21, 18:9, 37:14, 37:15, 48:8
**frankly** [1] - 44:16
**FREEDOMSOFT303** [1] - 11:4
**Freehold** [1] - 13:6
**front** [1] - 19:22

## G

**games** [6] - 35:21, 36:11, 36:15, 37:19, 39:25, 46:14
**Gateway** [2] - 12:20, 14:9
**gear** [2] - 40:17, 40:18
**general** [1] - 34:10
**gentlemen** [1] - 36:12
**GIBBONS** [1] - 12:19
**given** [1] - 24:17
**global** [3] - 16:17, 26:9, 45:16
**goal** [1] - 26:25
**GORDON** [1] - 12:12
**grant** [1] - 22:1
**great** [2] - 24:18, 34:21
**GREENSPOON** [1] - 14:8
**GROUP** [2] - 2:11, 8:11
**group** [1] - 15:18
**Group** [3] - 12:7, 13:12, 14:12
**groupings** [1] - 23:22
**guidance** [1] - 18:9

## H

**Hackensack** [1] - 14:7
**HAMILTON** [1] - 12:5
**hand** [1] - 19:16
**handle** [3] - 38:24, 48:15, 48:19
**hands** [1] - 20:10
**HANNAH** [1] - 13:5
**happy** [3] - 35:21, 50:5, 51:17
**harder** [1] - 36:13
**HARVEY** [1] - 1:19
**Harvey** [2] - 15:2, 15:5
**hear** [1] - 34:6
**heard** [5] - 15:20, 16:12, 17:10, 21:22, 51:18
**hearing** [1] - 43:5
**held** [1] - 15:1
**help** [4] - 16:21, 42:7, 45:25, 49:1
**helpful** [2] - 31:21, 32:1
**HENNING** [1] - 13:9
**high** [1] - 32:16
**hold** [1] - 47:20
**HomeData** [1] - 13:12
**honestly** [1] - 35:23
**Honor** [52] - 15:7, 15:13, 15:15, 15:17, 19:6, 19:11, 19:22, 20:3, 20:24, 22:18, 23:21, 25:14, 26:9, 28:25, 29:9, 30:16, 31:4, 31:22, 32:19, 33:25, 35:15, 35:18, 35:23, 36:14, 37:3, 37:9, 37:13, 39:7, 40:24, 41:4, 41:22, 43:12, 45:10, 46:12, 47:17, 48:3, 48:6, 48:8, 48:12, 49:4, 49:11, 49:17, 49:20, 50:4, 50:9, 50:19, 51:2, 51:7, 51:24, 52:3, 52:17, 52:20
**Honor's** [2] - 19:8, 29:15
**HONORABLE** [1] - 1:19
**Honorable** [2] - 15:1, 15:4
**hop** [1] - 50:15
**hope** [8] - 38:10, 40:12, 42:1, 42:8, 44:12, 46:5, 46:18
**horse** [1] - 37:9

**hours** [1] - 34:17
**housekeeping** [2] - 47:22, 49:16
**hundred** [2] - 39:19, 39:20
**hundreds** [1] - 35:19
**hybrid** [2] - 18:25, 37:12

## I

**i360** [2] - 6:11, 13:21
**idea** [4] - 19:14, 21:6, 34:19, 41:12
**identified** [1] - 50:4
**identify** [2] - 34:7, 37:15
**identifying** [1] - 48:10
**III** [3] - 1:19, 12:5, 15:2
**important** [3] - 15:21, 34:5, 40:21
**importantly** [1] - 34:16
**inappropriate** [1] - 48:18
**Inc** [6] - 12:18, 12:21, 14:4, 14:12, 14:23
**INC** [15] - 2:11, 3:10, 4:11, 4:17, 4:24, 5:4, 5:10, 6:17, 7:5, 7:11, 7:17, 8:4, 8:17, 8:23, 10:4
**include** [1] - 24:2
**included** [1] - 41:17
**including** [1] - 27:4
**individual** [8] - 22:19, 26:10, 26:15, 43:17, 43:24, 44:4, 45:17
**individualized** [4] - 23:16, 24:12, 44:5, 45:17
**inevitably** [1] - 38:17
**INFOMATICS** [1] - 1:13
**Infomatics** [1] - 12:10
**INFORM** [1] - 1:7
**Inform** [1] - 12:11
**informal** [2] - 31:17, 34:21
**Information** [1] - 13:11
**INFORMATION** [1] - 9:16
**information** [14] - 19:24, 29:19, 31:14, 31:20, 31:23, 32:1, 32:21, 35:4, 35:7, 35:14, 44:17, 45:1, 45:7, 46:3
**INGERSOLL** [1] - 14:20
**initial** [5] - 16:4, 16:15, 19:1, 32:8, 45:2
**INNOVATIVE** [1] - 10:10
**Innovative** [2] - 12:14, 49:18
**INNOVIS** [1] - 4:17
**Innovis** [2] - 12:7, 33:12
**insignificant** [1] - 16:11
**inspections** [2] - 29:25, 30:3
**insurance** [1] - 51:10
**interim** [1] - 25:10
**internal** [1] - 33:13
**internet** [3] - 16:25, 33:9, 33:11
**interrogatories** [59] - 22:15, 22:18, 22:21, 22:25, 23:1, 23:9, 23:14, 23:17, 23:19, 23:22, 24:1, 24:4, 24:12, 24:13, 24:19, 24:21, 24:25, 25:1, 25:2, 25:6, 25:8, 25:11, 25:12, 25:15, 25:18, 26:4, 26:7, 26:8, 26:12, 26:20, 27:1, 27:4, 27:8, 27:11, 28:10, 28:23, 29:3, 29:7, 29:23, 30:1, 30:3, 30:6, 30:13, 31:12, 33:6, 38:8, 38:13, 38:15, 39:10, 41:18, 43:9, 44:6, 44:13, 45:13, 45:16, 45:20, 45:24, 46:7
**interrogatory** [5] - 41:5, 41:13, 42:3, 42:19
**intervene** [1] - 20:18
**involve** [1] - 16:14
**involved** [4] - 35:10, 48:4, 48:21, 48:23
**issue** [16] - 15:17, 16:23, 16:24, 17:1, 17:5, 17:16, 19:1, 19:14, 20:16, 29:10, 32:11, 42:10, 51:3, 51:5, 51:17
**issues** [30] - 15:21, 16:4, 16:7, 16:8, 16:13, 16:15, 16:17, 16:22, 17:8, 17:11, 18:2, 18:4, 18:10, 18:25, 19:15, 19:16, 20:20, 24:10, 26:15, 39:4, 41:7, 43:3, 43:6, 45:14, 46:1, 46:2, 47:23, 49:16, 50:6
**IT** [2] - 30:11, 30:22

## J

**J.L** [1] - 13:19
**JARED** [1] - 13:9
**JERSEY** [1] - 1:1
**Jersey** [10] - 1:17, 18:11, 23:2, 23:3, 25:8, 25:16, 38:24, 48:18, 48:19, 48:20
**JERVIS** [1] - 14:17
**John** [1] - 50:13
**joint** [3] - 16:13, 40:25, 44:25
**JOSHUA** [1] - 12:19
**Joy** [1] - 14:11
**JOY** [1] - 7:4
**judge** [10] - 32:15, 38:25, 40:6, 44:15, 47:22, 48:15, 48:16, 48:17, 48:19, 48:20
**JUDGE** [1] - 1:20
**Judge** [11] - 15:2, 21:21, 24:10, 36:1, 39:17, 40:1, 43:21, 46:21, 50:3, 51:23, 52:14
**judicata** [1] - 17:9
**July** [4] - 1:18, 15:3, 27:9, 49:24
**jurisdictional** [1] - 34:18

## K

**KAUFMAN** [1] - 14:5
**keep** [1] - 40:5
**KELLY** [1] - 14:9
**kind** [3] - 19:9, 29:10, 40:24
**Kleissner** [1] - 51:25
**knowledge** [1] - 50:14
**known** [1] - 41:16
**knows** [2] - 19:11, 31:22

## L

**L.L.C** [2] - 8:11, 14:12
**LABELS** [1] - 4:11
**Labels** [1] - 14:4
**Labor** [2] - 25:5, 25:9
**Labs** [1] - 13:12
**ladies** [1] - 36:12
**laid** [1] - 30:25
**Lancaster** [1] - 14:18
**last** [6] - 20:2, 20:23, 26:5, 38:3, 49:19, 51:24
**Law** [2] - 16:19, 33:15
**LAW** [2] - 12:2, 13:5
**lawyer** [2] - 31:10, 31:13
**lawyers** [2] - 34:24, 46:18
**lead** [2] - 24:20, 30:12
**least** [5] - 16:2, 23:13, 33:5, 39:6, 50:22
**leave** [5] - 26:24, 44:10, 46:10, 50:15, 52:15
**leaving** [1] - 26:14
**legal** [4] - 16:24, 19:9, 20:16, 20:20
**legitimate** [1] - 41:15
**LEVY** [1] - 13:9
**LEWIS** [1] - 13:16
**liability** [1] - 18:5
**liable** [1] - 18:6
**Liberty** [1] - 14:21
**likely** [1] - 21:19
**limit** [4] - 23:2, 23:4, 39:12, 39:15
**limited** [6] - 16:14, 24:5, 25:11, 30:8, 39:10, 42:22
**limiting** [1] - 42:21
**list** [2] - 32:25, 44:18
**LISTS** [1] - 4:11
**Lists** [1] - 14:4
**literally** [1] - 36:7
**litigated** [1] - 32:13
**litigation** [1] - 21:13
**LLC** [69] - 1:7, 1:13, 2:1, 2:5, 2:8, 2:14, 2:20, 2:23, 3:1, 3:4, 3:7, 3:13, 3:16, 3:19, 3:22, 4:1, 4:4, 4:8, 4:14, 4:21, 5:1, 5:7, 5:13, 5:19, 6:1, 6:8, 6:11, 6:14, 6:20, 6:23, 7:1, 7:8, 7:14, 7:20, 7:23, 8:1, 8:8, 8:14, 8:20, 9:1, 9:7, 9:10, 9:13, 9:17, 9:20, 9:23, 10:1, 10:7, 10:11, 10:14, 10:17, 10:20, 10:23, 11:1, 11:4, 11:7, 11:10, 11:14, 11:18, 12:10, 12:11, 12:16, 13:15, 14:2, 14:11, 14:16, 14:17, 14:19
**LLP** [14] - 11:21, 12:2, 12:5, 12:8, 12:19, 12:22, 13:2, 13:13, 13:16, 13:19, 13:22, 14:5, 14:8, 14:13
**local** [4] - 25:8, 25:15, 25:21, 30:20
**Logan** [1] - 12:13
**LOMURRO** [1] - 13:5
**LOMUSCIO** [1] - 13:19
**look** [2] - 22:22, 33:17
**looking** [3] - 25:17, 34:9, 40:18
**LOUIS** [1] - 14:14
**lovers** [1] - 40:16

## M

**magistrate** [5] - 38:25, 48:5, 48:15, 48:17, 48:19
**MAGNUS** [1] - 14:9
**mail** [2] - 30:5, 34:4
**Main** [1] - 14:6
**man** [1] - 41:16
**MANATT** [1] - 13:13
**MANSUKHANI** [1] - 12:12
**map** [3] - 32:25, 34:10, 34:14
**MARCEL** [1] - 12:22
**March** [1] - 20:6
**MARDER** [1] - 14:8
**MARK** [1] - 12:16
**Market** [2] - 12:23, 13:23
**MARKETING** [1] - 11:17
**Marketing** [2] - 13:11, 14:11
**MAROUF** [1] - 13:2
**matching** [1] - 33:13
**matter** [2] - 38:3, 53:5
**matters** [1] - 38:24
**MCCUSKER** [4] - 12:12, 50:9, 50:11, 51:2
**McCusker** [1] - 50:11
**McKay** [2] - 1:21, 53:11
**McKay-Soule** [2] - 1:21, 53:11
**MD** [1] - 12:17
**MDL** [1] - 18:3
**mean** [4] - 24:1, 40:4, 42:6, 45:5
**meaning** [1] - 30:9
**means** [1] - 34:21
**meantime** [2] - 42:18, 47:14
**mechanical** [1] - 1:23
**mechanism** [2] - 31:15, 31:25

**meet** [5] - 30:23, 32:9, 32:24, 40:8, 41:6
**Megan** [2] - 1:21, 53:11
**Megan_McKay** [1] - 1:21
**Megan_McKay-Soule@njd.uscourts.gov** [1] - 1:21
**Melissa** [1] - 13:4
**MELISSA** [1] - 5:22
**mention** [1] - 18:13
**mentioned** [4] - 25:14, 40:2, 48:8, 49:20
**MERGES.COM** [1] - 7:11
**method** [1] - 34:24
**MICHAEL** [1] - 14:17
**might** [3] - 22:5, 24:14, 49:25
**mill** [1] - 43:7
**Mills** [2] - 12:17, 50:13
**minimum** [1] - 17:3
**minute** [1] - 29:5
**missed** [1] - 23:8
**Mitchell** [1] - 1:16
**mode** [1] - 40:16
**model** [4] - 18:3, 20:25, 21:1, 21:2
**moment** [1] - 28:7
**month** [2] - 37:13, 40:13
**months** [3] - 19:12, 46:14, 46:18
**morning** [6] - 15:6, 15:7, 31:4, 31:5, 50:9, 50:10
**Morris** [1] - 22:22
**Morristown** [1] - 13:3
**most** [1] - 26:25
**mote** [1] - 34:12
**Motion** [1] - 15:9
**motion** [6] - 19:13, 21:23, 39:4, 40:23, 41:21, 52:7
**motions** [7] - 38:20, 40:21, 41:2, 41:7, 41:10, 41:24, 43:3
**move** [20] - 20:11, 21:2, 21:18, 22:3, 22:10, 27:13, 29:14, 30:14, 37:18, 38:2, 38:3, 38:6, 38:7, 40:15, 40:22, 42:24, 46:18, 46:19, 46:20, 46:23
**moving** [2] - 20:16, 40:19
**MR** [107] - 15:13, 15:15, 15:24, 19:6, 21:21, 22:17, 23:3, 23:8, 23:9, 23:20, 24:1, 24:7, 24:9, 25:14, 25:19, 25:24, 26:1, 26:9, 26:15, 26:18, 26:22, 27:2, 27:6, 28:2, 28:4, 28:8, 28:11, 28:14, 28:17, 28:20, 28:24, 29:9, 29:23, 30:16, 30:18, 31:4, 31:6, 32:4, 32:19, 33:25, 35:9, 35:11, 35:13, 35:18, 35:23, 36:6, 36:14, 36:18, 36:24, 37:2, 37:5, 37:6, 37:12, 39:7, 39:9, 39:12, 39:16, 39:17, 39:18, 39:22, 39:25, 40:6, 40:11, 40:23, 41:3, 41:20, 42:11, 42:13, 42:15, 43:12, 43:14, 43:16, 43:20, 43:22, 44:1, 44:4, 44:5, 44:8, 44:14, 44:15, 45:3, 45:6, 45:12, 45:22, 46:12, 46:16, 46:21, 47:17, 47:22, 47:25, 48:2, 49:4, 49:11, 49:14, 49:16, 49:24, 50:3, 50:17, 51:5, 51:7, 51:23, 52:2, 52:7, 52:11, 52:14, 52:17, 52:20
**MS** [4] - 15:7, 50:9, 50:11, 51:2
**MULCAHY** [1] - 13:22
**MULLEN** [1] - 14:17
**multiple** [1] - 44:20
**music** [1] - 40:15


## N


**name** [2] - 25:23, 25:25
**National** [1] - 13:7
**need** [10] - 26:20, 27:17, 30:22, 42:24, 43:5, 44:11, 45:15, 46:2, 47:4, 47:9
**needed** [3] - 29:19, 43:18, 45:9
**needs** [2] - 20:15, 24:13
**NELSON** [1] - 13:22
**never** [3] - 34:3, 36:2, 37:4
**NEW** [1] - 1:1
**New** [13] - 1:17, 12:10, 13:14, 13:20, 18:11, 23:2, 23:3, 25:8, 25:16, 38:24, 48:18, 48:19, 48:20
**Newark** [3] - 12:20, 13:17, 14:10
**next** [5] - 40:13, 46:13, 47:4, 50:25, 51:22
**NJ** [10] - 12:3, 12:6, 12:20, 13:3, 13:6, 13:17, 14:3, 14:7, 14:10, 14:15
**nobody's** [1] - 40:20
**nondisclosure** [2] - 16:18, 18:8
**normally** [1] - 48:5
**North** [1] - 14:6
**notice** [2] - 15:20, 17:10
**nuance** [1] - 29:10
**NUMBER** [41] - 1:3, 1:9, 2:1, 2:7, 2:13, 2:20, 3:1, 3:7, 3:13, 3:19, 4:1, 4:7, 4:14, 4:20, 5:1, 5:7, 5:13, 5:19, 6:1, 6:7, 6:13, 6:19, 7:1, 7:7, 7:13, 7:19, 8:1, 8:7, 8:14, 8:20, 9:1, 9:7, 9:13, 9:19, 10:1, 10:7, 10:13, 10:19, 11:1, 11:7, 11:14
**number** [10] - 15:22, 17:5, 23:9, 23:23, 24:25, 26:14, 26:23, 45:19, 47:16
**NUWBER** [1] - 7:17
**Nuwber** [1] - 12:15
**NY** [5] - 11:23, 12:10, 13:10, 13:14, 13:20


## O


**obfuscation** [1] - 34:6
**object** [1] - 42:5
**objection** [2] - 25:13, 41:16
**objections** [13] - 27:22, 29:5, 31:13, 38:18, 38:20, 39:2, 41:12, 41:13, 41:14, 41:15, 41:18, 43:10
**obligation** [1] - 35:7
**obvious** [1] - 46:13
**obviously** [2] - 24:22, 47:11
**occurs** [3] - 16:1, 17:12, 18:14
**OF** [2] - 1:1, 6:4
**officers** [1] - 46:8
**offices** [1] - 48:6
**OFFICIAL** [1] - 53:1
**Official** [1] - 1:21
**old** [1] - 47:2
**OMAR** [1] - 13:2
**once** [3] - 21:9, 42:25, 47:2
**one** [20] - 16:19, 16:23, 17:21, 18:2, 19:25, 20:12, 20:16, 22:4, 22:12, 29:10, 31:16, 32:6, 33:8, 38:18, 40:25, 42:3, 47:2, 47:7, 47:11, 52:9
**One** [4] - 12:20, 13:3, 13:17, 14:9
**one-sided** [1] - 20:12
**ones** [5] - 20:10, 33:1, 35:4, 43:18, 46:23
**open** [1] - 15:1
**opportunity** [5] - 15:20, 17:10, 17:14, 38:7, 47:7
**optimal** [1] - 23:13
**Orange** [1] - 12:3
**order** [11] - 15:19, 21:16, 22:9, 27:17, 38:2, 38:23, 42:9, 44:12, 46:5, 46:6, 47:2
**ordered** [3] - 31:19, 34:21, 49:21
**orders** [1] - 19:23
**organization** [1] - 33:16
**ORTOLANI** [1] - 14:5
**otherwise** [1] - 16:25
**ought** [4] - 24:17, 26:13, 38:12, 46:25
**outset** [1] - 17:12
**outside** [3] - 33:15, 50:5, 50:17
**outstanding** [1] - 52:13
**overall** [1] - 37:8
**overly** [1] - 20:3
**Owings** [1] - 12:17
**own** [3] - 18:7, 30:24, 52:4


## P


**PA** [5] - 12:14, 12:23, 13:23, 14:19, 14:22
**pages** [4] - 35:19, 41:13, 41:19, 45:8
**paired** [1] - 48:16
**paper** [2] - 42:25, 43:1
**papers** [3] - 19:8, 20:23, 43:4
**Paragon** [1] - 13:6
**PARIKH** [51] - 12:2, 19:6, 21:21, 23:8, 23:20, 24:1, 24:7, 24:9, 28:20, 28:24, 29:9, 29:23, 35:18, 35:23, 36:6, 37:2, 37:6, 37:12, 39:17, 39:25, 40:6, 40:11, 40:23, 41:3, 41:20, 42:11, 42:13, 42:15, 43:20, 44:1, 44:5, 44:15, 45:3, 46:12, 46:16, 46:21, 47:22, 47:25, 49:14, 49:16, 49:24, 50:3, 50:17, 51:5, 51:7, 51:23, 52:2, 52:7, 52:11, 52:14, 52:17
**Parikh** [6] - 19:5, 19:6, 30:19, 46:11, 50:23, 51:1
**part** [6] - 16:2, 25:15, 34:12, 34:18, 36:3, 45:2
**participate** [3] - 20:20, 47:8, 47:9
**particular** [5] - 21:23, 24:22, 36:4, 48:17, 49:2
**particularized** [1] - 46:2
**parties** [14] - 21:12, 25:1, 26:13, 27:14, 30:9, 30:21, 30:23, 33:22, 33:23, 37:15, 38:10, 38:20, 41:12, 43:8
**parties'** [1] - 37:1
**parts** [1] - 34:11
**party** [1] - 20:15
**peace** [1] - 47:20
**Pearl** [1] - 11:22
**PEM** [1] - 12:2
**pending** [1] - 52:8
**Pennsylvania** [1] - 48:16
**people** [5] - 18:1, 28:13, 30:22, 31:20, 34:2
**People** [1] - 12:10
**PEOPLE** [1] - 2:4
**PEPPER** [1] - 12:5
**perhaps** [1] - 36:7
**permit** [3] - 23:12, 26:6, 27:14
**person** [3] - 16:18, 17:20, 30:11

**persons** [1] - 36:2
**phase** [1] - 47:3
**PHELPS** [1] - 13:13
**Philadelphia** [5] - 12:14, 12:23, 13:23, 14:22, 48:15
**PHILLIPS** [1] - 13:13
**phone** [3] - 49:2, 50:5, 50:15
**pick** [4] - 22:2, 24:25, 25:9, 47:13
**Place** [1] - 14:21
**places** [1] - 34:8
**Plains** [1] - 13:10
**plaintiff** [2] - 35:5, 37:23
**Plaintiffs** [42] - 1:5, 1:11, 2:9, 2:15, 2:21, 3:2, 3:8, 3:14, 3:20, 4:2, 4:9, 4:15, 4:22, 5:2, 5:9, 5:14, 5:20, 6:2, 6:9, 6:15, 6:21, 7:2, 7:9, 7:15, 7:21, 8:2, 8:9, 8:15, 8:21, 9:2, 9:8, 9:14, 9:21, 10:2, 10:8, 10:15, 10:21, 11:2, 11:8, 11:15, 11:23, 12:4
**plaintiffs** [19] - 2:2, 17:17, 17:19, 19:7, 28:5, 28:17, 28:18, 28:19, 29:4, 30:7, 30:9, 31:6, 35:8, 38:13, 41:23, 42:3, 43:16, 43:23, 46:22
**plaintiffs'** [1] - 47:5
**platform** [2] - 35:13, 35:14
**played** [6] - 35:22, 36:12, 36:15, 37:19, 46:14, 46:15
**playing** [1] - 39:25
**Plaza** [2] - 13:17, 14:6
**plus** [1] - 44:22
**podium** [1] - 30:17
**point** [9] - 26:7, 27:16, 28:2, 30:19, 36:22, 42:23, 47:1, 47:11, 47:12
**pointing** [1] - 32:5
**policy** [2] - 51:10, 51:12
**position** [3] - 17:19, 41:24, 45:21
**possible** [4] - 26:24, 44:13, 45:24, 46:8
**potentially** [3] - 29:16, 30:10, 31:12
**PRATT** [1] - 12:22
**preliminary** [1] - 17:5
**premature** [1] - 47:13
**presented** [1] - 32:20
**preserving** [1] - 18:21
**presiding** [1] - 48:25
**pretty** [1] - 29:6
**previously** [2] - 40:3, 49:21
**Princeton** [2] - 12:6, 14:15
**PRIVACY** [41] - 1:3, 1:9, 2:1, 2:7, 2:13, 2:20, 3:1, 3:7, 3:13, 3:19, 4:1, 4:7, 4:14, 4:20, 5:1, 5:7, 5:13, 5:19, 6:1, 6:7, 6:13, 6:19, 7:1, 7:7, 7:13, 7:19, 8:1, 8:7, 8:14, 8:20, 9:1, 9:7, 9:13, 9:19, 10:1, 10:7, 10:13, 10:19, 11:1, 11:7, 11:14
**problem** [4] - 28:19, 28:25, 31:8, 38:22
**problems** [1] - 43:2
**procedure** [1] - 47:7
**proceed** [3] - 16:6, 17:13, 22:7
**proceeding** [1] - 22:14
**proceedings** [1] - 53:5
**Proceedings** [1] - 1:23
**PROCEEDINGS** [1] - 15:1
**process** [13] - 17:15, 18:24, 20:24, 21:12, 30:21, 30:24, 32:5, 32:6, 32:9, 32:14, 32:17, 48:10, 52:15
**produce** [8] - 17:20, 17:25, 20:8, 20:13, 29:3, 35:7, 35:17, 38:15
**produced** [8] - 1:23, 35:18, 36:18, 44:20, 44:21, 45:2, 45:7, 51:11
**production** [13] - 23:15, 25:7, 27:11, 39:13, 39:19, 39:22, 39:24, 42:20, 44:15, 44:24, 45:20, 45:24, 46:7
**products** [1] - 19:20
**PRODUCTS** [1] - 3:16
**Products** [1] - 13:7
**promptly** [1] - 22:10
**proof** [4] - 16:20, 31:24, 33:2, 34:25
**proper** [1] - 24:16
**PROPERTYRADAR** [1] - 8:4
**PropertyRadar** [1] - 12:7
**proportionality** [1] - 40:4
**proposal** [1] - 18:18
**propose** [2] - 24:14, 44:7
**proposed** [1] - 20:4
**prospects** [1] - 48:11
**protective** [1] - 19:23
**prove** [1] - 16:9
**provide** [1] - 20:19
**provided** [1] - 27:20
**provision** [1] - 40:3
**publicly** [2] - 33:8, 33:10
**PublicNSA** [1] - 14:19
**PUBLICNSA** [1] - 10:17
**Publishing** [1] - 12:24
**PURCARO** [1] - 14:9
**purposes** [1] - 43:11
**put** [3] - 38:23, 44:12, 48:9
**putting** [1] - 36:17

## Q

**qualifications** [1] - 43:14
**QUANTARIUM** [1] - 3:4
**Quantarium** [2] - 12:14, 49:18
**questions** [6] - 17:22, 24:23, 31:9, 32:7, 34:17, 51:24
**quicker** [1] - 30:14
**quickly** [3] - 16:6, 21:3, 40:15

## R

**radio** [1] - 49:7
**raise** [2] - 20:10, 50:14
**Raj** [2] - 19:6, 23:7
**RAJIV** [1] - 12:2
**rate** [1] - 26:3
**rather** [3] - 22:10, 37:21, 38:1
**RDR** [1] - 53:11
**read** [4] - 15:9, 17:21, 19:8, 41:18
**reading** [1] - 15:15
**real** [3] - 20:23, 31:20
**realistic** [1] - 21:8
**really** [7] - 19:15, 20:12, 31:24, 36:11, 36:13, 40:15, 51:13
**reason** [5] - 19:23, 22:4, 46:10, 48:20, 51:13
**reasonable** [3] - 40:4, 41:9, 41:11
**reasons** [3] - 20:22, 22:4, 27:18
**Rebecca** [1] - 50:11
**REBECCA** [1] - 12:12
**received** [1] - 36:2
**recommend** [1] - 39:21
**reconsider** [1] - 18:24
**Reconsideration** [1] - 15:9
**reconsideration** [2] - 19:10, 22:1
**record** [1] - 53:5
**recorded** [1] - 1:23
**Red** [1] - 12:17
**redisclosure** [1] - 16:25
**reduce** [1] - 47:15
**reduced** [1] - 51:12
**REDX** [2] - 10:23, 14:11
**REED** [1] - 14:13
**REES** [1] - 12:12
**referring** [1] - 32:2
**regardless** [2] - 26:7, 35:9
**rejected** [1] - 18:11
**relate** [1] - 16:8
**related** [2] - 20:18, 44:20
**relates** [1] - 51:9
**relatively** [2] - 21:16, 32:16
**relief** [1] - 46:23
**reluctant** [1] - 48:24
**remand** [1] - 34:18
**remember** [2] - 23:23, 42:12
**REPORTER** [3] - 25:22, 25:25, 26:2
**Reporter** [2] - 1:21, 53:12
**REPORTER'S** [1] - 53:1
**reporting** [1] - 33:12
**representation** [1] - 19:19
**representative** [1] - 47:8
**request** [4] - 23:15, 39:12, 42:21, 44:15
**requests** [21] - 16:18, 18:8, 22:19, 23:17, 25:6, 27:11, 29:19, 33:19, 39:19, 39:22, 39:23, 40:25, 41:23, 42:19, 43:9, 44:2, 44:5, 44:24, 45:20, 45:24, 46:7
**required** [1] - 16:18
**requirement** [1] - 16:19
**requiring** [1] - 40:7
**res** [1] - 17:9
**Research** [2] - 13:7, 13:12
**RESEARCH** [1] - 3:22
**resolution** [3] - 16:7, 17:2, 17:6
**resolutions** [1] - 18:15
**resolve** [1] - 39:4
**resolved** [1] - 16:16
**respect** [9] - 15:9, 21:6, 22:8, 30:12, 40:23, 41:21, 49:18, 51:8, 52:15
**respond** [1] - 36:14
**responded** [1] - 32:8
**response** [7] - 18:7, 21:24, 27:25, 38:22, 39:4, 47:21, 51:20
**responses** [4] - 27:12, 41:6, 43:10, 50:18
**responsive** [1] - 49:7
**RESTORATION** [1] - 6:4
**restrict** [1] - 27:15
**restrictions** [1] - 19:24
**result** [3] - 16:6, 16:7, 30:3
**retire** [1] - 18:22
**REUTERS** [1] - 5:16
**RFPs** [2] - 43:16, 45:14
**RICHARD** [1] - 13:19
**ridiculous** [1] - 41:17
**RIKER** [1] - 13:2
**rise** [2] - 15:4, 52:21
**Riverfront** [1] - 13:17
**RKW** [1] - 12:16
**road** [1] - 47:12
**rob** [1] - 26:1
**Rob** [1] - 33:21
**ROBERT** [1] - 12:9
**ROCKETREACH** [1] - 7:23
**RocketReach** [1] - 12:7
**Rockwell** [1] - 14:11
**ROCKWELL** [1] - 7:4
**rolling** [1] - 39:6
**ROMANO** [1] - 15:7
**room** [2] - 27:24, 47:19

**ROONEY** [1] - 14:20
**route** [1] - 23:13
**Rule** [7] - 30:20, 39:14, 40:3, 42:12, 42:22, 49:21, 51:15
**ruled** [1] - 33:14
**Rules** [1] - 22:24
**rules** [8] - 25:8, 25:15, 25:21, 27:5, 27:14, 27:20, 30:8, 30:25
**ruling** [2] - 17:16, 29:15
**run** [1] - 43:7
**Run** [1] - 12:17
**run-of-the-mill** [1] - 43:7
**RYAN** [1] - 14:2

## S

**S-Z-Y-B-A** [1] - 26:1
**SAFETY** [1] - 3:16
**Safety** [1] - 13:7
**SAMANTHA** [1] - 14:21
**SANDERS** [1] - 12:5
**sat** [1] - 34:16
**satisfied** [1] - 38:18
**saw** [3] - 31:8, 33:3, 48:9
**Scalable** [1] - 13:7
**SCALABLE** [1] - 4:4
**scalpel** [1] - 35:1
**schedule** [2] - 20:4, 47:19
**scheduling** [1] - 47:2
**SCHILLER** [1] - 11:21
**SCIONTI** [1] - 13:5
**scope** [2] - 16:9, 33:15
**SCULLY** [1] - 12:12
**Searchbug** [1] - 14:11
**SEARCHBUG** [1] - 8:17
**Searchers** [1] - 12:10
**SEARCHERS** [1] - 2:4
**see** [10] - 33:1, 34:14, 38:21, 39:1, 39:5, 40:14, 42:16, 47:1, 51:2
**seek** [2] - 20:17, 20:19
**seeking** [2] - 44:18, 46:23
**seem** [2] - 23:5, 38:2
**selected** [1] - 19:2
**Selection** [1] - 13:11
**sell** [1] - 18:22
**send** [1] - 24:21
**sending** [1] - 41:22
**sense** [7] - 24:9, 24:14, 29:15, 36:10, 37:24, 44:3, 46:21
**sent** [7] - 16:18, 23:23, 24:2, 24:3, 30:1, 30:6, 51:9
**sentence** [1] - 19:17
**separate** [3] - 19:23, 36:7, 47:6
**September** [1] - 27:10
**sequenced** [1] - 17:24
**sequencing** [9] - 16:1, 17:8, 17:24, 18:25, 19:1, 19:14, 20:12, 24:11
**serious** [1] - 37:21
**serve** [5] - 22:21, 25:6, 26:4, 29:7, 38:8
**served** [4] - 42:3, 45:13, 45:14, 49:20
**service** [3] - 27:10, 29:2, 39:3
**Service** [1] - 13:12
**serving** [1] - 27:8
**set** [17] - 20:5, 21:9, 22:15, 23:14, 23:18, 24:18, 24:21, 25:11, 27:4, 27:7, 27:10, 27:13, 27:16, 28:1, 29:6, 49:2, 50:4
**sets** [2] - 38:14, 41:5
**settle** [1] - 22:5
**settled** [2] - 21:10, 48:9
**settlement** [4] - 16:6, 21:12, 48:11, 48:23
**settlements** [2] - 47:15, 48:7
**SEYFARTH** [1] - 12:8
**share** [1] - 44:25
**shared** [1] - 19:24
**SHAW** [7] - 11:22, 12:8, 31:4, 31:6, 33:25, 48:2, 49:11
**Shaw** [2] - 31:3, 31:6
**short** [1] - 21:16
**side** [5] - 15:12, 19:25, 28:5, 38:18, 38:19
**sided** [1] - 20:12
**sides** [2] - 30:4, 33:22
**silence** [1] - 49:8
**single** [2] - 19:23, 44:19
**sit** [3] - 34:19, 34:22
**sitting** [1] - 27:23
**Smarty** [1] - 13:15
**SMARTY** [1] - 9:10
**SMITH** [3] - 13:9, 13:16, 14:13
**Software** [1] - 52:8
**Solutions** [3] - 12:7, 12:15, 49:19
**SOLUTIONS** [3] - 4:17, 10:10, 11:17
**someone** [1] - 29:17
**somewhere** [2] - 25:21, 26:5
**sooner** [2] - 37:25, 38:1
**sorry** [3] - 23:8, 25:24, 47:25
**sort** [1] - 47:15
**sought** [1] - 19:12
**Soule** [2] - 1:21, 53:11
**Soule@njd.uscourts.gov** [1] - 1:21
**South** [2] - 11:22, 14:22
**SOUTHALL** [1] - 14:21
**SPAHR** [1] - 12:22
**specialized** [1] - 44:17
**specific** [5] - 18:10, 30:22, 45:14, 45:15, 50:14
**specifically** [3] - 32:7, 32:9, 34:8
**Speedwell** [1] - 13:3
**Spy** [1] - 14:7
**SPY** [1] - 10:4
**Square** [2] - 12:13, 13:14
**stages** [1] - 16:15
**stand** [1] - 46:25
**standard** [26] - 22:15, 22:18, 22:19, 22:25, 23:14, 23:18, 23:22, 24:12, 24:18, 24:21, 24:24, 25:2, 25:10, 26:20, 27:1, 28:10, 29:6, 42:2, 43:24, 44:2, 44:7, 44:13, 44:16, 45:19, 45:23, 46:7
**standards** [1] - 19:10
**start** [3] - 22:13, 36:9, 37:16
**starting** [1] - 34:6
**state** [15] - 19:22, 22:14, 22:16, 23:2, 23:3, 23:18, 23:20, 24:3, 25:3, 29:21, 29:23, 31:16, 35:24, 43:21, 45:12
**STATES** [2] - 1:1, 1:20
**States** [1] - 15:2
**Status** [1] - 1:5
**statute** [1] - 33:9
**stay** [6] - 19:12, 19:13, 22:3, 38:5
**stayed** [4] - 15:22, 20:17, 22:9, 42:18
**stenography** [1] - 1:23
**steps** [1] - 16:4
**STERLING** [1] - 11:10
**Sterling** [1] - 14:16
**STICHEL** [1] - 12:16
**still** [2] - 48:2, 52:8
**STINSON** [1] - 13:19
**STIO** [46] - 12:5, 15:13, 15:15, 15:24, 22:17, 23:3, 23:9, 26:9, 26:15, 26:18, 26:22, 27:2, 27:6, 28:2, 28:4, 28:8, 28:11, 28:14, 28:17, 32:19, 35:9, 35:11, 35:13, 36:14, 36:18, 36:24, 37:5, 39:7, 39:9, 39:12, 39:16, 39:18, 39:22, 43:12, 43:14, 43:16, 43:22, 44:4, 44:8, 44:14, 45:6, 45:12, 45:22, 47:17, 49:4, 52:20
**Stio** [12] - 15:11, 21:8, 22:16, 23:17, 24:15, 24:20, 32:18, 35:3, 35:22, 36:20, 44:7, 45:4
**stipulate** [1] - 27:15
**streamline** [2] - 17:3, 17:6
**streamlined** [1] - 17:13
**street** [1] - 35:15
**Street** [7] - 11:22, 12:13, 12:23, 13:20, 13:23, 14:6, 14:22
**Streets** [1] - 1:17
**Student** [1] - 13:12
**stuff** [1] - 34:23
**subject** [1] - 48:3
**submission** [1] - 16:13
**submit** [1] - 20:19
**subparts** [2] - 24:2, 27:4
**sued** [1] - 15:18
**suggest** [1] - 32:3
**suggested** [1] - 20:14
**suggestion** [1] - 37:10
**Suite** [14] - 12:3, 12:6, 12:13, 12:17, 13:6, 13:10, 13:17, 13:20, 13:23, 14:3, 14:10, 14:15, 14:18, 14:22
**summertime** [1] - 27:9
**supplement** [1] - 22:20
**supplemental** [6] - 22:21, 27:3, 30:1, 30:6, 41:1, 51:15
**supplemented** [1] - 50:20
**supplements** [1] - 45:13
**supposed** [6] - 25:18, 26:4, 30:23, 34:9, 34:10, 35:2
**Supreme** [1] - 18:11
**suspect** [1] - 26:20
**SYNAPTIX** [1] - 6:23
**Synaptix** [1] - 13:18
**system** [9] - 32:20, 33:18, 34:17, 35:6, 35:9, 35:10, 36:3, 36:19, 36:21
**Systems** [2] - 13:11, 51:8
**SYSTEMS** [2] - 3:10, 9:17
**systems** [21] - 19:21, 29:12, 29:18, 29:25, 30:5, 30:13, 31:10, 31:16, 31:23, 32:25, 33:6, 33:11, 34:1, 34:8, 34:20, 36:22, 37:1, 37:22
**SYZBA** [1] - 12:9
**SZYBA** [7] - 25:14, 25:19, 25:24, 26:1, 30:16, 30:18, 32:4
**Szyba** [1] - 26:1

## T

**tailor** [3] - 29:18, 33:6, 33:19
**target** [1] - 41:15
**targeted** [1] - 30:12
**technical** [1] - 33:23
**TECHNOLOGY** [1] - 6:23
**telephone** [1] - 17:4
**ten** [9] - 18:16, 21:3, 21:6, 22:10, 22:22, 27:20, 38:3, 38:22, 39:4
**terms** [6] - 27:12, 37:13, 43:9, 44:6, 44:7, 47:4
**THE** [106] - 1:1, 1:19, 2:4, 8:11, 15:4, 15:6, 15:8, 15:14, 15:23, 19:4, 21:20, 21:22, 22:24, 23:11, 23:25, 24:5, 24:8, 24:16, 25:17, 25:20, 25:22, 25:25, 26:2, 26:3, 26:11, 26:17, 26:19, 26:23, 27:3, 27:7, 28:3, 28:6, 28:9,

28:12, 28:16, 28:18, 28:22, 29:1, 29:21, 30:15, 30:17, 31:2, 31:5, 32:3, 32:18, 35:3, 35:10, 35:12, 35:16, 35:21, 36:5, 36:9, 36:16, 36:20, 37:11, 37:17, 39:8, 39:11, 39:14, 39:20, 39:23, 40:2, 40:10, 40:12, 41:2, 41:8, 42:1, 42:12, 42:14, 42:16, 43:13, 43:15, 43:19, 43:23, 44:3, 44:6, 44:10, 45:1, 45:4, 45:11, 45:18, 45:23, 46:13, 46:17, 46:22, 47:18, 47:24, 48:14, 49:5, 49:12, 49:15, 49:22, 50:2, 50:7, 50:10, 50:21, 51:4, 51:6, 51:19, 52:1, 52:6, 52:9, 52:12, 52:16, 52:18, 52:21
**thereafter** [2] - 38:23, 50:16
**they've** [4] - 24:2, 24:10, 33:7, 33:17
**thinking** [1] - 44:9
**thinks** [1] - 24:15
**third** [1] - 40:17
**THOMSON** [1] - 5:16
**thoughts** [1] - 47:19
**thousands** [2] - 24:3, 35:19
**three** [6] - 21:15, 22:2, 22:5, 23:24, 23:25, 41:13
**Three** [1] - 12:13
**thrust** [1] - 45:21
**timetable** [1] - 22:12
**TIMOTHY** [1] - 14:5
**today** [5] - 27:24, 44:11, 47:9, 50:6, 50:15
**tomorrow** [1] - 50:6
**total** [4] - 24:25, 25:12, 27:4, 44:11
**touch** [1] - 49:1
**track** [1] - 52:4
**tracks** [1] - 23:21
**transcript** [3] - 1:23, 17:22, 53:4
**transcription** [1] - 1:23
**TREC** [1] - 12:24
**trial** [5] - 18:16, 20:6, 21:4, 48:25
**trials** [1] - 18:9
**tried** [2] - 21:14, 37:8
**trouble** [1] - 50:18
**TROUTMAN** [1] - 12:5
**True** [1] - 52:8
**try** [10] - 26:23, 26:25, 40:4, 41:11, 42:12, 47:11, 47:12, 49:7, 49:9, 51:1
**turn** [1] - 29:4
**turns** [1] - 37:19
**Two** [1] - 14:21
**two** [16] - 21:5, 21:15, 22:2, 22:5, 23:24, 23:25, 35:14, 37:6, 40:20, 41:18, 43:14, 47:22, 49:16, 49:19, 50:19, 51:24
**two-way** [1] - 35:14
**typical** [1] - 34:3

## U

**U.S** [2] - 1:16, 14:11
**ultimately** [2] - 20:8, 30:13
**unable** [1] - 27:23
**under** [4] - 18:17, 22:24, 25:8, 30:8
**understood** [9] - 20:24, 26:22, 27:2, 27:6, 41:20, 42:11, 42:13, 43:12, 44:14
**unfair** [1] - 18:23
**Union** [1] - 14:3
**unique** [2] - 19:20, 20:1
**UNITED** [2] - 1:1, 1:20
**United** [1] - 15:2
**unless** [2] - 26:19, 46:9
**unpublished** [1] - 17:4
**unrealistic** [1] - 22:11
**up** [9] - 20:10, 24:18, 24:24, 25:2, 26:24, 36:22, 41:7, 44:10, 49:2
**urge** [1] - 41:11
**US** [1] - 9:4
**utilized** [1] - 32:6
**utilizing** [1] - 32:14

## V

**vacate** [1] - 47:2
**vacation** [1] - 49:10
**vary** [1] - 29:8
**viable** [1] - 19:15
**view** [2] - 20:3, 22:7
**violates** [1] - 18:23

## W

**WADE** [1] - 13:22
**waiting** [1] - 18:20
**waiving** [1] - 41:14
**wall** [1] - 34:8
**Wall** [1] - 13:20
**Waller** [1] - 13:10
**wants** [1] - 42:20
**warning** [1] - 36:17
**wastes** [1] - 41:17
**ways** [2] - 32:19, 37:7
**WE** [1] - 1:7
**Web** [2] - 12:14, 49:18
**WEB** [1] - 10:10
**week** [5] - 50:19, 50:25, 51:9, 51:18, 51:22
**weeks** [2] - 49:6, 49:8
**weigh** [1] - 20:15
**West** [2] - 12:3, 12:24
**White** [1] - 13:10
**WHITELY** [1] - 13:13
**whole** [1] - 34:2
**willing** [3] - 48:4, 48:6, 48:12
**wind** [1] - 48:11
**wish** [2] - 15:11, 21:22
**wishes** [1] - 15:8
**withdrawing** [1] - 51:16
**witness** [1] - 36:18
**witnesses** [2] - 30:4, 47:5
**wonderful** [1] - 52:18
**WOOD** [1] - 13:9
**words** [2] - 23:11, 42:2
**works** [2] - 18:3, 34:9
**world** [1] - 39:24
**written** [4] - 22:8, 23:12, 29:19, 43:1

## Y

**YARDI** [1] - 3:10
**Yardi** [1] - 51:8
**year** [4] - 18:18, 18:19, 20:7, 21:4
**years** [8] - 18:16, 18:20, 21:3, 21:6, 21:15, 22:10, 38:3, 40:20
**yesterday** [1] - 49:25
**Yesterday** [1] - 50:1
**York** [3] - 12:10, 13:14, 13:20

## Z

**Zillow** [1] - 14:23
**zILLOW** [1] - 5:4